[No. 11207. Department Two. December 4, 1913.]

FLORELLA LONGFELLOW et al., *Appellants*, v. THE CITY OF SEATTLE, *Respondent*.[1]

DEATH—WRONGFUL DEATH—ACTIONS—IMPLIED REPEAL. The general statutes giving a right of action for wrongful death are not superseded or impliedly repealed, by the fireman's pension act, Rem. & Bal. Code, § 8068, providing a pension for certain dependents, equal to one-half of the salary of a fireman killed while in the service of the city.

ELECTION OF REMEDIES—RIGHTS OF ACTION—WRONGFUL DEATH—ACCEPTANCE OF PENSION. While the fireman's pension act, Rem. & Bal. Code, § 8068, providing a pension for certain dependents, equal to one-half of the salary of a fireman killed while in service of the city, is not coextensive with the general statutes giving rights of action for wrongful death, yet in so far as they coincide, the two acts authorize separate and coexistent, but not cumulative recoveries, since it is not the policy of the law to allow two recoveries for one wrong; hence acceptance of a pension, precludes any recovery under the general statutes for wrongful death.

MUNICIPAL CORPORATIONS — CITY OFFICERS — FIREMAN'S PENSIONS FOR DEATH—LIMIT. In authorizing a city to provide for a pension to the dependents of a fireman killed while in the service of the city, the legislature may limit the amount to any sum it sees fit.

SAME—PENSIONS FOR DEATH—ADEQUACY OF COMPENSATION. A pension, upon the death of a city fireman, given to the widow during widowhood by Rem. & Bal. Code, § 8068, equal to one-half of his salary, is not inadequate compensation where the monthly payments equal interest at the statutory rate upon a sum practically three times the sum laid as damages in her complaint for wrongful death,

[1]Reported in 136 Pac. 855.

and twice the sum she would recover if she lives out her life expectancy and complies with the terms of the act.

DEATH — WRONGFUL DEATH — ACTIONS — PARTIES ENTITLED — DEFENSES—PENSIONS FOR DEATH OF FIREMAN. Rem. & Bal. Code, § 8068, limiting pensions to dependents of a city fireman killed while in the service of the city to the widow and children under sixteen years of age, does not bar an action for wrongful death, under the general statutes, in behalf of a minor daughter over sixteen years of age; since she is not a participant in the pension fund, and the pension act does not repeal the general act.

PLEADING—DEMURRER—ADMISSIONS. In an action against a city for the wrongful death of a fireman, an allegation in the answer that the widow, on behalf of herself and daughter, had accepted a pension in compliance with the fireman's pension act, in lieu of all their damages, is not admitted by the demurrer of the daughter, who appeared from the complaint to be over sixteen years of age, and therefore not entitled to participate in the pension fund under that act; since a demurrer only admits facts well pleaded, and the court, in construing the allegations, will look to the statute where compliance therewith was alleged.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered January 21, 1913, dismissing an action for wrongful death, upon overruling a demurrer to the answer. Affirmed as to one plaintiff; reversed as to the other.

*Dan Landon* and *Gay & Olson* (*Milo A. Root*, of counsel), for appellants.

*James E. Bradford, R. S. Pierce*, and *Geo. A. Meagher*, for respondent.

FULLERTON, J.—The legislature of the state of Washington, at its session of 1909, enacted a statute empowering incorporated cities and towns having a paid fire department to compensate firemen injured while in the performance of their duty, superannuated firemen, and the widow, children, and dependents of a fireman killed while in the performance of his duty, by a monthly payment in the form of a pension. The act provided that the fund from which the payments were to be made should be created in part by taxation and in part by

a deduction of a "sum equal to one and one-half per centum of the monthly compensation paid each such member" of the fire department. The provisions of the statute specially to be considered here are found in the eighth section thereof, which section reads as follows:

"Whenever any member of the fire department of such city or town shall lose his life while in the performance of his duty, leaving a widow, or child or children under the age of sixteen (16) years, then upon satisfactory proof of such facts made to it, such board shall order and direct that a monthly pension equal to one-half (½) the amount of the salary attached to the rank which such member held in said fire department at the time of his death, shall be paid to such widow during her life, or if no widow, then to his child or children until they shall be sixteen (16) years of age: *Provided*, If such widow or child or children shall marry, then such person so marrying shall thereafter receive no further pension from such funds: *Provided, however,* Should there be no widow or children, then said pension may be paid to his parents or unmarried sister or sisters, or minor brother or brothers dependent upon him." Laws 1909, p. 91, § 8; Rem. & Bal. Code, § 8068 (P. C. 77 § 617).

The city of Seattle, by ordinance duly enacted, made the act operative within that city. The ordinance follows in substantial detail the provisions of the legislative act, and provides for the payment to the beneficiaries named therein the maximum compensation permitted thereby.

On November 26, 1910, one J. N. Longfellow, a member of the fire department of the city of Seattle, while returning from a fire riding in a fire wagon belonging to the city, was thrown from the wagon to the ground, and received injuries from which he subsequently died. The fall was caused by the wagon running into an excavation which had been made in the street over which the wagon was passing, the same having been left uncovered and unguarded in any manner.

The appellant Florella Longfellow is the widow of J. N. Longfellow, and the appellant Myrtle Longfellow is his daughter. At the time of her father's death, the daughter was

between her sixteenth and seventeenth year. Shortly after her husband's death, Florella Longfellow applied to the city of Seattle for the pension provided for by the act and ordinance above cited. Her application was granted, and she has been paid, and has received out of the fund created in pursuance of the provision of the act and ordinance, since the month of January, 1911, a monthly payment of $62.50 per month, the same being equal to one-half the salary attached to the rank her husband held in the fire department at the time of his death.

The appellant conceived, also, that the death of her husband was caused by the wrongful and negligent act of the city, and on December 21, 1910, filed a claim in damages with the city council of the city of Seattle in the sum of $10,000 on behalf of herself and her minor children, of whom she named three, the appellant Myrtle being one of such children. The claim was rejected by the city, and in September 1911, the present action was commenced to recover under the statute relating to the recovery of damages for death by wrongful act. Two causes of action are stated in the complaint. The widow sues in her own right for the sum of $8,500, and as guardian *ad litem* of her daughter Myrtle for the sum of $1,500.

The city, in answer to the complaint, put in issue certain of its allegations, and as an affirmative defense set up the statute and ordinance before mentioned and the fact that the appellant had applied for, obtained and accepted the compensation for which they provided; averring that such application was made for and on behalf of herself and her minor daughter Myrtle, and that such compensation was made with the understanding and agreement of all the parties thereto that it was in lieu of all actions, causes of actions, or claims that the appellants, or either of them, might have against the city of Seattle because of the accident causing the death of J. N. Longfellow. A demurrer was interposed to the answer which the trial court overruled. The appellants elected

to stand on the demurrer and refused to plead further, whereupon the court entered a judgment dismissing the action. From such judgment this appeal is prosecuted.

The parties have filed in the record a written stipulation reciting that the only question presented to the trial court, and to be presented on this appeal, is whether or not the acceptance by the widowed appellant of the pension money under the statute and ordinance above referred to estops the appellants, or either of them, from maintaining an action in damages under the general statute relating to deaths caused by wrongful acts. The record, however, does not further disclose the grounds upon which the trial court rested its decision, except as the same may be gathered from the briefs of counsel. The appellants have assumed in their brief that the sole question is whether or not the pension statute superseded the general statute, and their entire brief is devoted to a combat with that idea.

With the contention that the pension act does not supersede or repeal the general statutes, either in whole or in part, we think we may safely agree with the appellant. There is no express repeal of the one by the other, and the later act is clearly not so far inconsistent with the earlier one that a repeal must necessarily be implied. But, in so far as the right of the widowed appellant to maintain the present action is concerned, we think there is a ground upon which the judgment can rest. An examination of the statutes will show that there are deaths from wrongful acts cognizable under the general statutes that are not provided for under the pension act, and that the pension act authorizes the payment of pensions for deaths for which no recovery can be had under the general statute. But in so far as they do coincide, we think they were intended to afford separate and coexistent remedies, permitting but one recovery for the one death rather than cumulative recoveries. It will be remembered that no action lay to recover for the death of another at the common law, but that

the right is wholly statutory. It will be remembered, also, that in this state exemplary or punitory damages are not recoverable unless expressly so provided by statute, and that neither of these statutes provide for exemplary or punitory damages. The purpose of the statutes, then, is compensation for the wrong suffered. They are wholly remedial, and since it is not the policy of the law to compensate twice for the same wrong, we think it must follow that the acceptance of the benefits provided by the one is a bar to the pursuit of the other.

We are aware that the appellant argues that the pension fund does not afford adequate compensation for the wrong suffered which is sued for in the instant case; that it is but a "half loaf," and that it could not have been the intention of the legislature, for this reason if for no other, to confine the injured person to a choice of remedies. But if we were to accept the premise here laid down as controlling, we could not adopt the conclusion drawn therefrom. The right of recovery being dependent upon the statute, it is within the power of the legislature to limit the amount of the recovery to any sum it sees fit. The power to deny a recovery altogether includes the power to deny it in part—the power to limit the recovery—and the courts are bound to presume that any amount of recovery fixed by the legislature is adequate for the wrong suffered. We cannot, however, accept the premise here assumed. In our judgment the pension awarded is compensatory. The amount paid monthly is equal to interest at the statutory rate on a sum of money practically three times as great as the widowed appellant herself lays in her complaint as the measure of her loss; and if she lives through the period of her expectancy of life as shown by the mortality tables and complies with the terms of the statute, she will be paid a sum equal to practically double the sum she lays therein. This is a substantial award, and, if the question is one of law at all, it cannot be said to be legally inadequate.

For authority on the proposition that the adoption of one

remedy by a person having a choice of remedies bars the right to invoke another, we need not look beyond our own cases. It was so held in *Achey v. Creech*, 21 Wash. 319, 58 Pac. 208; *Gaffney v. McGrath*, 23 Wash. 456, 39 Pac. 973; *Babcock, Cornish & Co. v. Urquhart*, 53 Wash. 168, 101 Pac. 713; *Gabrielson v. Hague Box & Lum. Co.*, 55 Wash. 342, 104 Pac. 635, 133 Am. St. 1032, and in *Pickle v. Anderson*, 62 Wash. 552, 114 Pac. 177.

On the question whether the remedies here afforded are inconsistent rather than cumulative, our attention has been called to no case precisely in point. Cases which seem to us analogous in principle, however, are found in the cases construing the effect of the acceptance of so-called relief funds provided for the benefit of their employees by certain of the great transportation companies. The funds there under consideration were accumulated under the direction of the company from employees desiring to participate therein, and by donations to the funds by the companies themselves whenever the contributions of the employees proved insufficient to meet the charges against them. They were paid out in definite amounts to sick and disabled employees during the time of their incapacity, and to such of their personal representatives as they might direct in the event of their death. In construing the effect of an acceptance of benefits from the fund by a beneficiary thereunder, the courts, with substantial uniformity, hold that it is, in effect, an election of remedies, and operates as a bar to an action against the transportation company for an injury caused by its negligent acts. See, *Eckman v. Chicago, B. & Q. R. Co.*, 169 Ill. 312, 48 N. E. 496, 38 L. R. A. 750, and the cases there collected.

The case of *Heath v. Seattle Taxicab Co.*, 73 Wash. 177, 131 Pac. 843, is not in point on the principle here involved. In that case it was held that a policeman, who had been injured by the negligent act of a taxicab company, could maintain an action against the company notwithstanding he had received the benefits allowed him under the policeman's

pension fund created by the city of Seattle. The distinction between the cases lies in the fact that the wrong there committed was by a person who had nothing to do with the creation of the benefit fund, while here the injured person is seeking compensation from the very person who has already reimbursed her for the wrong suffered. While the fund from which the payments are made were contributed to by the deceased fireman in this instance, as they were by the injured policeman in that, the city is also a contributor to the fund; indeed, the city contributes all but an inconsiderable part of the fund, and to allow a recovery is to allow two recoveries from the wrongdoer for the same wrong. As we have heretofore said, such is not the policy of the law. We conclude, therefore, that the judgment in question is free from error in so far as it affects the right of the widowed appellant to recover.

We think, however, the judgment is erroneous in so far as it denies the right of recovery on the part of the daughter. By an examination of the eighth section of the pension act before quoted, it will be observed that the daughter is not a participant of the pension fund, and can in no manner become a participant thereof. Incongruous as it may seem, the right of a deceased fireman's children to the benefit of the fund ceases at the age of sixteen years, whether dependent or not, while dependent parents, a dependent sister of any age, and even dependent brothers until they reach the age of majority, may have the benefit of the fund. Since, therefore, the statute in no way affects the daughter, and since she is given a right of action under the general statute for a wrong causing the death of her father, we see no reason for depriving her of her right in the present case.

We have not overlooked the fact that it is alleged in the answer to which the demurrer was interposed that the application of the mother for the pension was made on behalf of herself and her daughter, and that both are estopped by an acceptance of the benefits of the statute; but these are but

the conclusions of the pleader. They are not to be taken as literally true from the fact that the daughter demurred to the answer. A demurrer admits only the allegations of fact that are well pleaded; and where the pleader attempts to set forth a compliance with a statute, the court will look to the statute and take the allegations of the complaint as intended to meet its provisions, and measure the rights of the parties as they are affected by the statute, notwithstanding the statements set forth in the pleading concerning such rights may warrant another conclusion. Here, as we say, the daughter could not participate in the pension fund. Anything that was paid thereunder inured to the benefit of the mother. The daughter, therefore, has an action in her own right which may be prosecuted by her mother as her guardian *ad litem*.

The judgment is reversed in so far as it affects the cause of action on behalf of the minor appellant, and remanded for further proceedings in accordance with this opinion.

CROW, C. J., MORRIS, MAIN, and ELLIS, JJ., concur.