### PUGET SOUND TRACTION, LIGHT & POWER CO. v. FRESCOLN.

(Circuit Court of Appeals, Ninth Circuit.    October 1, 1917.)

*No. 2887.

DEATH ☞27—ACTIONS FOR DEATH—DEFENSES—FORMER RECOVERY.

Rem. & Bal. Code Wash. § 183, provides that, when death is caused by wrongful act or neglect, the heirs or personal representatives may maintain an action for damages, and that, if deceased leave no widow or issue, his dependent parents, sisters, or minor brothers resident within the United States may maintain the action. Section 194 provides that no action for personal injury to any person occasioning his death shall abate, nor shall the right of action determine by reason of such death, if he have a wife or child or dependent parents, sisters, or minor brothers, but that the action may be prosecuted or commenced in their favor. *Held* that, where the plaintiff in an action for injuries died from the injuries before trial, and his widow, as administratrix and in her own right, was substituted as plaintiff and prosecuted the action to judgment, the judgment did not bar an action by her for damages from the death, as under the Washington decisions she could not have recovered damages for the death in the first action and, though there was but one negligent act, it gave rise to two wrongs, one against the injured man's estate, and the other against his dependent relatives.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Action by Anna F. Frescoln against the Puget Sound Traction, Light & Power Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 225 Fed. 441.

J. W. Frescoln brought action in the superior court of Kings county, Wash., against Puget Sound Traction, Light & Power Company, plaintiff in error here, to be called defendant, for $5,323 damages for injuries received while alighting from a car owned by the defendant. Upon issues framed trial was set for October 13, 1914, but on September 15, 1914, the injured man died. Thereafter, in November, 1914, the widow, Anna F. Frescoln, defendant in error here, to be called plaintiff as administratrix and in her own right, was substituted as plaintiff, and individually and as administratrix of the estate of J. W. Frescoln filed a supplemental complaint, alleging the matters set forth in the original complaint, and also the death of Mr. Frescoln, and asked judg-

ment for $20,613. Upon trial a verdict for $2,500 for the plaintiff was rendered, but the state court granted motion for judgment in favor of the defendant notwithstanding the verdict. Thereafter Mrs. Frescoln appealed to the Supreme Court of the state, and that court reversed the judgment of the superior court and directed judgment upon the verdict, and on April 15, 1916, judgment was accordingly entered. Before the appeal just referred to, Mrs. Frescoln, as the widow of Mr. Frescoln, on May 11, 1915, brought this present action in the superior court of the state, asking $25,000 damages for the death of her husband, J. W. Frescoln. In due course the action was removed to the federal court, where the defendant answered, pleading the former action for damages instituted by J. W. Frescoln in his lifetime and the judgment secured therein by Mrs. Frescoln. At the time of the filing of such answer the appeal above referred to had not been decided by the Supreme Court. Anna Frescoln, plaintiff herein, moved to strike out the affirmative defense, but the lower court denied the motion. 225 Fed. 441. Afterward, when the Supreme Court of the state had reversed the judgment of the lower court in the original action brought by Frescoln, and after the judgment on the verdict was entered in accordance with the ruling of the Supreme Court, plaintiff herein, Anna F. Frescoln, filed an amended reply herein, admitting the institution of the action by Mr. Frescoln, but setting up the appeal, the reversal of the judgment by the Supreme Court, the entry of judgment upon the verdict, and praying judgment upon the pleadings. When the case came to trial, before the introduction of evidence, defendant moved for judgment upon the pleadings, upon the ground that the deceased had instituted an action for the personal injuries he received during his life, which action, after his death, had been revived and prosecuted to judgment by the plaintiff, Anna F. Frescoln. The court denied the motion, and upon trial verdict was rendered for the plaintiff, Anna F. Frescoln, for $4,500, and thereafter judgment was entered on the verdict. By writ of error the defendant brings the case to this court.

James B. Howe and H. S. Elliott, both of Seattle, Wash., for plaintiff in error.

Thomas H. Bain, of Seattle, Wash., for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge (after stating the facts as above). From the foregoing statement the question for decision is whether, under the statutes of Washington, where one receives personal injuries as the result of the negligence of another and during his life begins an action to recover therefor, but before trial dies as a result of the injuries inflicted, and his widow, as administratrix and in her own right, revives and carries on such action for personal injuries to judgment, an independent action for wrongful death will lie in favor of the widow. The statutes of the state which have to do with the matter are as follows (Remington & Ballinger's Codes, vol. 1):

"Sec. 183. (4828.) * * * When the death of a person is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death. If the deceased leave no widow or issue, then his parents, sisters or minor brothers who may be dependent upon him for support and who are resident within the United States at the time of his death, may maintain said action. * * * In every such action the jury may give such damages, as under all circumstances of the case may to them seem just.

"Sec. 194. (4838.) No action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine, by reason of such death, if he have a wife or child living, or leaving no wife or issue, if he have dependent upon him for support and resident within the United States

at the time of his death, parents, sisters or minor brothers; but such action may be prosecuted, or commenced and prosecuted, in favor of such wife or in favor of the wife and children, or if no wife, in favor of such child or children, or if no wife or child or children, then in favor of his parents, sisters or minor brothers who may be dependent upon him for support, and resident in the United States at the time of his death."

Defendant's contention, is that under the statutes quoted the beneficiaries are the same, and that the same parties plaintiff are not entitled to recover for the same wrongful act, and that to permit two recoveries would be to permit double damages to be assessed against the wrongdoer, in that it would permit a recovery of the full amount of damages sustained by the deceased, and then a second recovery by the same individuals for the damages resulting to them from the death of the deceased. In their argument counsel for the defendant say that in the states where two concurrent actions are permitted they are maintained in two different and distinct rights, in that the action under the survival statute is brought by the personal representative for the benefit of the estate of the deceased, while the action under the death statute is brought by or for the benefit of the heirs expressly mentioned in the various death statutes; and further that, inasmuch as there is no provision in the state of Washington whereby the one statute makes the estate of the deceased the beneficiaries and the other certain heirs the beneficiary, there is a vital distinction between the statutes of Washington and those of states where two concurrent actions are allowed.

In support of its position defendant cites, among other cases, Riggs v. Northern Pacific Railway, 60 Wash. 292, 111 Pac. 162, and Long-fellow v. Seattle, 76 Wash. 509, 136 Pac. 855. But an examination of these decisions shows that in the former the court went no further than to hold that the beneficiaries under the death act of the state of Washington could not split their actions, and in the latter that the statutes, so far as they coincided, meant to afford separate and coexistent remedies, permitting one recovery for the one death rather than cumulative recoveries. Clearly, therefore, they are not decisive of the point involved in the present case, for here there has been no attempt to make two recoveries for one wrong. It is true there has been but one negligent act; but that negligent act has given rise to two wrongs, one against the estate of the injured man, the other against his dependent relatives. In the survivor case all the heirs of the deceased are beneficiaries of the verdict; while under the death statute only dependent relatives may be beneficiaries of the recovery. In the first action, prosecuted to judgment by Mrs. Frescoln, she could not have recovered damages for the death of her husband. This rule was laid down by the Supreme Court of Washington in Thompson v. Seattle, R. & S. R. Co., 71 Wash. 443, 128 Pac. 1070, where the court affirmed an instruction to the jury that, in an action prosecuted for damages arising out of injuries resulting from negligence, the jury could award nothing for the death of the injured person, and nothing for the loss caused by reason of the death of such a person. This case refutes the argument that there is a vital distinction between the statutes of Washington and other states permitting concurrent actions.

In Swanson v. Pacific Shipping Co., 60 Wash. 87, 110 Pac. 795, sections 183 and 194, hereinbefore quoted, were considered by the Supreme Court, and it was held that each of the sections was intended to serve its separate purpose, and must be so construed as to secure that result. Hedrick v. Ilwaco R. & N. Co., 4 Wash. 400, 30 Pac. 714. This court also has discussed the general question, and in Northern Pacific Railway Co. v. Adams, 116 Fed. 324, 54 C. C. A. 196, on writ of error to the Circuit Court for the District of Washington, held that under the statutes heretofore quoted there was a right of action in favor of the heirs or personal representatives of a person whose death was caused by the negligence of another to recover such damages as might be just, as a new and separate cause of action for damages for the loss sustained by such beneficiaries, and that such right was not dependent upon the right of the deceased to maintain an action for the act which caused his death had he survived. The decision in that case was reversed (in Northern Pacific Railway Co. v. Adams, 192 U. S. 440, 24 Sup. Ct. 408, 48 L. Ed. 513), but there was no intimation that the view of this court as to the rights of action was not correct.

In Railroad Co. v. Dickson, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, the court discussed section 241 of the Constitution of Kentucky, which provides that, "whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same," and section 6 of the Kentucky Statutes, which provides that, "whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death from the person or persons, company or companies, corporation or corporations, their agents or servants, causing the same; and when the act is willful or the negligence is gross, punitive damages may be recovered, and the action to recover such damages shall be prosecuted by the personal representative of the deceased," and held that the cause of action thus created was independent of any right of action the deceased might have had or would have had if he had survived the injury. In Brodie v. Washington Water Power Co., 92 Wash. 574, 159 Pac. 791, the court said:

"The statutes were enacted to overcome defects thought to exist in the common law. By the common law no person had the right to recover for the death of another, no matter how wrongfully or negligently caused, and the right of action possessed by a person injured did not survive his own life. The first section of the statute cited is plainly a survival statute. Its purpose is to preserve in the beneficiaries named therein such right of action as the injured person himself had because of the wrongful or negligent act causing the injury, and is confined to such personal loss as the injured person sustained. The second, although originating in the same wrongful act or neglect, begins where the other ends and is confined to such loss and damage as the beneficiaries named have suffered by the death of the person injured. Swanson v. Pacific Shipping Co., 60 Wash. 87, 110 Pac. 795; Thompson v. Seattle, Renton & S. R. Co., 71 Wash. 436, 128 Pac. 1070."

Our conclusion is that under the interpretations of the laws of the state the question is settled and that the judgment of the District Court was correct.

Affirmed.