JOSEFINA, DOLORES, CARMEN Y ENRIQUE AMY RAMU, demandantes-apelantes-apelados, *v.* SUCESIÓN DE DON EUGENIO M. VERGES, COMPUESTA DE SU VIUDA CAROLINA RIEFKOHL Y DE SUS HIJOS EUGENIO, EUGENIA Y ADELA VERGES RIEFKOHL, demandados-apelados-apelantes.

No. 3712.—*Visto:* Febrero 1, 1926. *Resuelto:* Febrero 8, 1926.

1. APELACIÓN Y ERROR—ALEGATOS—RELACIÓN BREVE DEL CASO—COPIA DE LAS ALEGACIONES.—Teniendo las alegaciones su lugar propio en la transcripción, a menos que sea absolutamente necesario, no deben copiarse íntegras en la relación del caso contenida en el alegato.

2. APELACIÓN Y ERROR—ALEGATOS—DECLARACIÓN DE HECHOS PROBADOS—A QUIÉN CORRESPONDE HACERLA.—Es a la corte sentenciadora a quien toca hacer la declaración de hechos probados y no a las partes apelantes o apeladas en el alegato.

3. APELACIÓN Y ERROR—ALEGATOS—DISCUSIÓN DE ERRORES—FORMA Y MANERA DE COMENZAR LA DISCUSIÓN.—Hecho en el alegato un señalamiento separado, distinto, numerado, de errores, cada error debe luego discutirse también separadamente, siendo la mejor práctica la de comenzar la discusión con el mismo número del error y encabezarla repitiendo el señalamiento.

MOCIÓN sobre desestimación de la apelación y eliminación de los autos del alegato de los demandados. *Sin lugar la desestimación y concedido un término a la demandada para presentar nuevo alegato.*

*Jacinto Texidor,* abogado de los demandantes-apelantes-apelados; *Tomás Bernardini,* abogado de los demandados-apelados-apelantes.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Los demandantes presentaron una moción pidiendo a la corte que declarara que el alegato archivado por la demandada no cumple con las reglas de esta corte, que decretara por tal motivo su eliminación de los autos y que en su consecuencia desestimara la apelación interpuesta por la dicha demandada, aunque en verdad en el acto de la vista por me-

dio de su abogado manifestaron que no tenían interés en la desestimación del recurso sino en obtener que el alegato se ajustara a las reglas de la corte.

La demandada impugnó la moción sosteniendo que su alegato se ajusta a las reglas y a la jurisprudencia de esta corte, pero para el caso de que el tribunal llegara a una conclusión contraria invocó su discreción en el sentido de concederle un término razonable para hacer las enmiendas que fueren necesarias, sin desestimar el recurso por ella establecido.

El primero de febrero actual se oyó el informe de los abogados de ambas partes.

Copiamos textualmente de la moción:

"Que en este caso la parte demandada, actuando como apelante, ha presentado su alegato en el referido concepto.

"Que en ese alegato, ha incluído dicha parte, desde la página 21 a la 44, lo que esa parte llama 'Hechos probados,' que en realidad no es otra cosa que la exposición de la opinión de la parte en cuanto a ciertos hechos que a los demandados conviene tener como probados.

"Que la referida parte no tiene derecho, por ley alguna, ni por regla ninguna de esta Corte, a intercalar en su alegato lo que crea conveniente, declarando hechos probados lo que le parezca o convenga, y la regla 42 de las de esta Corte, no autoriza a la parte a presentar otra cosa que la relación del caso (que en ese alegato viene ocupando las páginas 1 a 21) y los errores y su argumentación; pero no lo que se ha querido llamar 'hechos probados', tendentes a confundir, y a crear trabajo excesivo y redundante para esta parte.

"Que, a más de lo expresado, en el referido alegato, aparece la argumentación de errores sin la debida separación y clasificación, porque si bien en el señalamiento, se separan y diferencian los supuestos errores, en la argumentación de los mismos, no se encabeza la discusión de cada uno de una manera propia y clara, y se hace sumamente difícil seguir la discusión, aún el estudio de los mismos, y saber cuál de los supuestos errores señalados es el que se está discutiendo. Todo lo que ocurre porque no se sigue la regla de esta Corte, que está dictada para evitar confusión.

"Que esa manera de redactar el alegato en apelación, no se halla autorizada por el Reglamento de esta Corte, y por el contrario, viola sus preceptos."

El alegato de que se trata consta de 178 páginas. Si fuéramos a juzgarlo por el papel, la limpieza de su texto, lo amplio de su argumentación y hasta la circunstancia de haberse presentado encuadernado, sólo merecería alabanzas, pero en verdad no cumple en debida forma con las reglas 42 y 43 del reglamento de esta corte que dicen:

"42. Dentro de diez días después de haberse presentado a este Tribunal la copia de los autos, el Letrado defensor del recurrente, presentará al Tribunal un alegato por duplicado, impreso o escrito en maquinilla, que contendrá una relación fiel y concisa de la causa tal como consta en los autos; así como una exposición de los errores en que funda su recurso, y además de esto, cumplirá con la Ley de Enjuiciamiento actualmente en vigor.

"43. Esa exposición indicará separadamente cada error que se alegue haberse cometido por el Tribunal inferior; y, al resolver el caso, esta Corte podrá dejar de tomar en consideración aquellos errores que no se hayan señalado, a no ser que sean fundamentales."

[1] Comienza el alegato con la "Relación del caso" que contiene 21 páginas. En ella se copian íntegras alegaciones que ya constan en la transcripción de los autos. De ahí su innecesaria extensión.

Lo que la regla 42 requiere es "una relación fiel y concisa de "la causa tal como conste en los autos," de tal suerte que el tribunal pueda darse cuenta rápida y exacta de la naturaleza del caso, del procedimiento seguido y de la cuestión o cuestiones envueltas en el mismo. Las alegaciones y documentos tienen su lugar propio en la transcripción y a menos que sea absolutamente necesario no deben copiarse íntegras en la relación. Basta transcribir la parte fundamental o hacer referencia a ella indicando la página de la transcripción en que se encuentra.

[2] Los llamados "Hechos Probados" ocupan veinte y tres páginas. Comienzan así: "Hechos Probados. — De acuerdo con la prueba practicada, tal como está contenida en las constancias del *transcript,* del desarrollo de la evidencia admitida y practicada durante el juicio y admisiones de las partes, quedan plenamente probados los siguientes hechos:"

Tal práctica no está autorizada por el reglamento.  Quizá la parte demandada preparó esos "Hechos Probados" como complemento de su relación del caso, pero no pueden admitirse como tal.  Sólo conducen a una verdadera confusión y pudieran inducir a conclusiones equivocadas.  Es a la corte sentenciadora a la que toca hacer la declaración de hechos probados.

[3] La asignación de errores ocupa las páginas 44 a 46 del alegato.  Contiene diez numerados y separados distintamente.  Cumple en todo con el reglamento.

Pero luego sigue la "Argumentación" que se desarrolla en 130 páginas sin numerarse ni discutirse con la separación debida los errores señalados.  Seguramente podrá encontrarse en ella el argumento en que se basan todos los errores, pero si se quiere, por ejemplo, examinar el relativo al error quinto, habría que leer páginas y páginas para encontrarlo a menos que se tuviera la suerte de abrir el alegato por la exacta página en que la argumentación comienza.

Las dichas 130 páginas de la argumentación están divididas en catorce porciones separadas por unos signos que parecen indicar que se trata de materias distintas.  Catorce no corresponde a diez.  Esos mismos signos se usan también para separar preceptos legales unos de otros.  Si se contaran todos, aumentaría considerablemente el número de las separaciones.  Además, leyendo el comienzo de lo que parecen ser partes separadas no se encuentra la referencia al error.  Hay que entrar de lleno en la lectura para hallar la relación.

La propia demandada en su impugnación escrita a la moción de desestimación, al tratar de fijar las páginas que corresponden a la discusión de cada error, tiene que reconocer que el tercero, por ejemplo, está involucrado,—sin que así se haga constar expresamente en el alegato—en la discusión de los dos primeros y omite fijar el sitio que corresponde a los dos últimos errores.  '

La regla 42 requiere un señalamiento separado, distinto,

numerado, de errores, como se ha hecho en este caso, y la
43 interpretada racionalmente exige que cada error se dis-
cuta luego también separadamente y la mejor práctica es la
de comenzar la discusión con el mismo número del error y
encabezarla repitiendo las generalmente breves líneas del
señalamiento.  Esto no quiere decir que en todos los casos
haya que discutir uno por uno los errores señalados.  En
ciertas ocasiones pueden y deben—para mayor claridad y
concisión—discutirse varios errores agrupados, pero cuando
tal se hace debe expresarse al comienzo de la discusión.

Ahora bien, como en este caso la demandada ha revelado
su propósito de hacer y ha hecho verdaderos esfuerzos por
presentar del modo más amplio y completo su apelación y
se ha dirigido a la discreción de la corte, *el recurso no será
desestimado y se concederán veinte días* a la dicha parte
para presentar un nuevo alegato de acuerdo con los prin-
cipios aquí establecidos.  La vista del caso que estaba seña-
lada para el 11 de febrero actual será suspendida hasta
nuevo señalamiento.

El Juez Asociado Sr. Hutchison disintió.