CARMEN MARÍA NADAL CARRIÓN, demandante y apelada, *v.* JOHN DOE Y RICHARD ROE, o sea, los desconocidos tenedores de dos obligaciones al portador, demandados y apelantes.

No. 3671.—*Visto:* Abril 19, 1926. *Resuelto:* Mayo 7, 1926.

1. APELACIÓN Y ERROR—ALEGATOS—EXPOSICIÓN DE ERRORES—OMISIÓN DE UNA VERDADERA EXPOSICIÓN DE ERRORES Y EFECTO.—Cuando en el alegato pre-

sentado no hay una verdadera exposición de errores ni tampoco éstos se discuten separadamente, procede desestimar, a instancia del apelado, la apelación interpuesta.

2. APELACIÓN Y ERROR—ALEGATOS—PRESENTACIÓN DEL MISMO—ALEGATO QUE NO SE AJUSTA AL REGLAMENTO—EFECTO.—Cuando el alegato presentado no se ajusta al Reglamento del Tribunal Supremo, procede desestimar, a instancia de parte, el recurso interpuesto.

3. APELACIÓN Y ERROR—ALEGATOS—DISCUSIÓN DE ERRORES—CUANDO LA PRUEBA ES OBJETO DE ERRORES.—Cuando la prueba es objeto de errores señalados en el alegato, debe concretarse aquella parte del testimonio de testigos que constituyen las cuestiones levantadas, las objeciones y excepciones tomadas y referirse a las páginas del récord en que se encuentran para ser comprobadas.

Moción sobre desestimación de apelación presentada por la apelada. *Desestimada.*

*A. Nazario Lugo,* abogado de los apelantes; *Angel A. Vázquez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

La apelada solicita la desestimación de la apelación, porque el alegato no se ajusta al reglamento de esta corte.

Una simple lectura del mismo es bastante para que sostengamos la moción de la apelada.

No hay una verdadera exposición de errores ni tampoco éstos se discuten separadamente.

El señalamiento de errores parece dividirlos el apelante en dos grupos: graves y menos graves. Estos últimos se enumeran del I al VI; siguen entonces los errores graves con nueva numeración del I al VII. Esto por sí induce a cierta confusión en la apuntación de errores. De los calificados como menos graves sólo se discuten separadamente los cuatro primeros pero por una mera indicación a los mismos sin una seria argumentación que los sostenga. Después no hay separación en la discusión de los que el apelante apunta como graves. Se inicia la discusión en relación a ellos por lo que llama dicho apelante una "disgreción" que ocupa varias páginas y que no se refiere a ningún error específico. De aquí se pasa al examen en general de la prueba sin concretar aquella parte del testimonio de testigos que constituyen las cuestiones levantadas, las objecio-

nes y excepciones tomadas, ni referencia a las páginas del récord para ser comprobadas, y finalmente el apelante bajo el epígrafe "Realidad de los hechos ocurridos, según lo aprecia el demandante-apelante," hace un historial de ciertos hechos, en los que ni siquiera se hace una ligera indicación a la transcripción de la evidencia.

El apelante aunque admite en su mayor parte que no hace la referencia a las páginas del récord para que podamos encontrar fácilmente las alegaciones y la prueba que es objeto de los errores señalados, alega como excusa que el récord no tiene nada de voluminoso y que tal omisión no implica una violación de las reglas de esta corte, ofreciendo en todo caso subsanar dichas omisiones en el acto de la vista. El apelante, sin embargo, no compareció al acto de la vista y como aparece además que el récord taquigráfico se compone de más de 300 páginas, todo ello indica la poca seriedad de la oposición del apelante y su falta de atención a la constante jurisprudencia de esta Corte Suprema en relación a desestimaciones de apelaciones por la omisión a las reglas 42 y 43 de su Reglamento. *Goble & Jiménez* v. *Truyol & Co.,* 27 D.P.R. 393; *Sucn. de Juan Suro* v. *Sucn. de Encarnación Prado et al.,* 29 D.P.R. 361. Véase también *Amy* v. *Sucn. Verges,* 35 D.P.R. 37.

Del presente caso podíamos repetir exactamente lo que se dijo por esta corte en el caso de *Goble, supra,* con estas palabras:

"Deseamos consignar además que hemos examinado la transcripción de los autos y que estamos convencidos de que la corte de distrito impartió justicia en este pleito, pero preferimos fundar nuestra sentencia en la falta de cumplimiento por parte de la apelante de la regla 42 citada, para llamar la atención a la abogacía sobre cuestión de tanta importancia para la debida consideración y resolución de las apelaciones que se interpongan ante este tribunal."

*Por todo lo expuesto, la apelación interpuesta debe desestimarse.*