Rosa Pérez Casalduc *et al.*, demandantes y apelados, *v.* Manuel Díaz Mediavilla y su esposa Aciscla Vázquez y The Federal Land Bank of Baltimore, demandados y apelantes.

No. 4621.—*Sometido:* Marzo 18, 1929. *Resuelto:* Abril 2, 1929.

*Francisco Parra* y *J. R. Aponte,* abogados de los apelantes, esposos Mediavilla Vázquez y del Banco, respectivamente; *E. Pérez Casalduc* y *M. García González,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los demandantes-apelados solicitan que desestimemos la apelación establecida en este caso y para ello alegan varios motivos.

El pleito ha sido establecido contra Manuel Díaz Mediavilla y su esposa para reivindicar un condominio en una finca y para que la hipoteca que grava toda la finca, constituida a favor del Federal Land Bank of Baltimore, que también es demandado, sea cancelada en cuanto a dicho condominio. La corte inferior declaró con lugar la demanda contra ambos demandados. La sentencia fué apelada por los abogados de las dos partes demandadas a nombre de ellas en un solo escrito firmado por el abogado de The Federal Land Bank of Baltimore y por el otro abogado, y esto se alega como motivo para que desestimemos la apelación; pero de tal escrito aparece que la apelación ha sido establecida a nombre de todas las partes en el pleito pues uno de los abogados lo suscribió como abogado del Federal Land Bank of Baltimore y el otro, que es el de los esposos Mediavilla, aunque no expresó el nombre de éstos, indudablemente no podía referirse a otros demandados que a ellos.

Los demandados presentaron contestaciones separadas a la demanda y por esto se dice que no pueden apelar conjuntamente; pero tal hecho no es obstáculo para que pudiera presentar sus apelaciones conjuntamente en un solo escrito pues la sentencia afecta a todos, ya que la cancelación parcial que se ordena de la hipoteca depende de la reclamación hecha contra el otro demandado y su esposa. En consecuencia no es tampoco motivo para desestimar que por ese

escrito de apelación se hayan pagado sólo cinco dólares y no esta cantidad por cada uno de los apelantes.

■ Se alega también con el mismo fin que no existe constancia en los autos de que el abogado de algunos de los apelados fuera debidamente notificado de la apelación pues no se dice cuál es la residencia de los abogados. Si bien no se hizo constar en la diligencia de notificación por correo desde Arecibo al abogado Miguel García González en San Juan, que representa a algunos de los demandantes, que los abogados tienen distinto domicilio, de los autos resulta que uno de los abogados apelantes reside en Arecibo, el otro en Ponce y que el abogado García González reside en San Juan, por lo que no vemos motivo para desestimar la apelación por esa circunstancia.

■ Se alega además en cuanto a la apelación del demandado Mediavilla y su esposa que su alegato ante nosotros no cumple con las reglas 42 y 43 de nuestro reglamento.

Hemos examinado el alegato mencionado teniendo presente lo que hemos dicho en el caso de *Amy* v. *Sucesión Verges*, 35 D.P.R. 37, que no repetiremos ahora, y en verdad no se atempera a lo que debe ser el alegato en un recurso de apelación según nuestras reglas 42 y 43, y según sus comentarios en el caso citado. La relación fiel y concisa de la causa tal como consta en los autos que requiere nuestro reglamento se ha convertido en ese alegato en una exposición de treinta páginas que contienen una extensa relación de las alegaciones y sus enmiendas, en la que se ha hecho referencia innecesaria a mociones de eliminación y a citaciones en evicción de varias personas; y de ellas tiene diez y seis que son completamente inútiles pues son para transcribir la opinión del juez sentenciador para resolver el pleito, que ya obra en la transcripción de los autos. En cuanto a la asignación de errores para sostener el recurso se ha hecho de tal manera que dificulta su contestación y resolución pues en el primero se comprenden tres errores: en el segundo se transcriben cinco de las siete disposiciones tran-

sitorias del Código Civil, no pudiendo verse fácilmente si las cinco han sido infringidas o solamente las que subraya el apelante: el quinto motivo de error comprende seis: el séptimo se refiere a dos: el noveno incluye cuatro: el décimo hace referencia a siete: y el décimocuarto comprende dos distintos. Después de la especificación de los motivos de error se hace un resumen de toda la evidencia en diez páginas también innecesarias porque hay particulares de ella que no se necesitarán para argumentar y decidir la apelación y porque su lugar apropiado es al tratar el motivo de error alegado de ser la sentencia contraria a la prueba, y entonces sólo en lo necesario. A continuación de ese resumen se dedican seis páginas a alabar las condiciones personales del juez de la corte inferior y a mencionar los folletos o artículos que ha escrito sobre cuestiones no relacionadas con el pleito, que nada pueden afectar a la resolución de la apelación.

En vista de todo lo expuesto, y en atención a que las 136 páginas que tiene el alegato presentado por la defensa de los esposos apelantes representa una labor grande, aunque equivocada en su forma, *no desestimaremos su apelación pero quedará eliminado su alegato concediéndosele veinte días para que presente otro nuevo.*