[No. 8619.  Department Two.  September 10, 1910.]

MATILDA SWANSON et al., Respondents, v. PACIFIC SHIPPING
COMPANY, Appellant.[1]

APPEAL—RECORD—AFFIDAVITS.  Unless an affidavit in support of
a motion is attached thereto and clearly identified, it must be in-
corporated in a statement of facts or bill of exceptions in order to
be considered on appeal.

SAME — APPEAL — RECORD — REVIEW—FINDINGS.  A finding, on a
motion to quash service of summons on a foreign corporation, that
it was doing business in this state will not be disturbed on appeal
in the absence of the record on which the finding was based.

ABATEMENT AND REVIVAL—WRONGFUL DEATH—SURVIVAL OF ACTION
—SUBSTITUTION OF WIDOW.  Under Rem. & Bal. Code, § 194, upon
the death of a plaintiff, suing for personal injuries from which he
afterwards died, his wife and minor children are properly substi-
tuted as parties plaintiff, to recover the damages which the plaintiff
would have been entitled to had he lived.

SAME—CONSTRUCTION.  Rem. & Bal. Code, § 194, providing that
no action for personal injuries to any person occasioning his
death shall abate by reason of his death if he leaves a wife or
child, was not restricted to mean that no action commenced for
wrongful death shall abate, by reason of the enactment at the same
session of Id., § 183, as originally enacted, giving a widow and
children an independent right of action for the wrongful death of
the husband and father; but these sections are independent of
each other.

APPEAL—REVIEW—HARMLESS ERROR — TRIAL — COMMENT ON EVI-
DENCE.  A suggestion by the trial judge to change the form of a
hypothetical question to harmonize with uncontradicted evidence
then admitted is not prejudicial error as comment on the evidence,
where the jury was cautioned to disregard any statement of the
court and any mistake made was promptly corrected.

EVIDENCE—PERSONAL INJURIES—RES GESTAE—ADMISSIBILITY.  In
an action for personal injuries through the negligent acts of members
of a ship's crew, a remark made by the captain of the vessel at
the time to the effect that the crew would be killing some one
next or had pretty near killed a man is admissible as part of the
res gestae.

[1]Reported in 110 Pac. 795.

APPEAL—REVIEW—VERDICT. The verdict of a jury finding upon conflicting expert testimony that death from gangrene of the lungs resulted from an injury will not be disturbed on appeal.

DAMAGES — PERSONAL INJURIES — EXCESSIVE VERDICT. A verdict for $17,500 for personal injuries sustained by a ship carpenter 42 years of age earning $100 a month, from which injuries he afterwards died, is excessive and should be reduced to $10,000, the plaintiff's widow not being entitled in that action to any damages by reason of the death.

Appeal from a judgment of the superior court for King county, Gay, J., entered July 1, 1909, upon the verdict of a jury rendered in favor of the plaintiffs for $17,230, for personal injuries sustained by a ship carpenter while working upon a vessel. Reversed, unless $7,320 is remitted.

*Roberts, Battle, Hulbert & Tennant* and *Hughes, McMicken, Dovell & Ramsey*, for appellant.

*Aust & Terhune*, for respondents.

CROW, J.—This action was commenced on December 26, 1907, by Gust Swanson, now deceased, against Pacific Shipping Company, a corporation, to recover damages for personal injuries. After his death, which is alleged to have occurred as a result of his injuries, on February 9, 1909, Matilda Swanson, his widow, and his minor children by their guardian, were substituted as plaintiffs, filed a second supplemental complaint, and prosecuted the action. From a judgment in their favor, the defendant has appealed.

The Pacific Shipping Company is a corporation organized under the laws of California. It has no office in this state, has not complied with the laws of Washington by appointing a resident agent upon whom service of process may be made, contends that it has done no business in this state, and that it is not subject to the jurisdiction of the courts of this state. It is the owner of the schooner "Polaris," which under command of appellant's servant, one Captain O. V. Lindholm as master, was engaged in carrying freight. In the latter part of 1907, Captain Lindholm, in command of the vessel, entered

into a contract with the Seattle Shipyards Company at Ballard for repairs. In pursuance of such contract, the vessel was placed upon the ways at Ballard. Gust Swanson, the original plaintiff herein, one of a number of ship carpenters employed by the shipyards company, was working about the keel on the outside of the vessel. While thus employed, he stood below a scaffold used by other ship carpenters, which was constructed by placing large heavy planks on trestles. This scaffolding was located near the rudder of the vessel. Repair work was being done on the keel by employees of the Seattle Shipyards Company. At the same time, the crew of the vessel were engaged upon her deck, doing certain work preparatory to unshipping and removing the rudder. While thus engaged they could not see Swanson and other employees of the shipyards company working on the keel below, but knew of their presence. When the crew were ready to move the rudder, it is alleged that they did so without warning to the workmen below. The rudder when swung struck a heavy plank on which it is alleged a ship carpenter was standing, pushed the plank from the trestle, and caused it to fall upon Swanson and injured him.

It was alleged that the employees of appellant were negligent in moving the rudder without first warning Swanson and the other employees of the shipyards company. Service of the original summons and complaint was made in King county upon Captain Lindholm as agent of the appellant. A motion, supported and resisted by affidavits, was interposed to quash this service, for the reason that it had not been made upon any agent, cashier, secretary or other officer of the appellant company, and that appellant is a foreign corporation which has never done any business, nor maintained any office, nor appointed any agent or officer in this state. This motion was denied and the appellant answered.

On September 18, 1908, Gust Swanson, the original plaintiff, was, by order of the superior court of King county,

adjudged insane and committed to the Western Hospital for insane at Fort Steilacoom. On November 10, 1908, his wife, Matilda Swanson, having been appointed and qualified as his guardian, and substituted as a party plaintiff, filed a supplemental complaint pleading his insanity, which she alleged had resulted from the injuries occasioned by appellant's negligence. Thereafter Gust Swanson died, and upon motion and affidavit of Matilda Swanson, the following order was made and entered on February 19, 1909:

"On reading the affidavit of Matilda Swanson filed herein, it appearing to this court that Gust Swanson died on the first day of February, 1909, and that he left surviving him a widow and minor children, for whom the said widow is now the duly qualified and acting guardian. It is now hereby ordered that the said widow in her own right and the said widow as guardian of said children hereinafter named be substituted as party plaintiff in this action, the title of said action hereafter to be Matilda Swanson individually and as the general guardian of Arthur Swanson, Albert Swanson, Adela Swanson, Gust Swanson, and Charlotte Swanson, minors, Plaintiff, v. Pacific Shipping Company, a corporation, Defendant, and that all proceedings in this action shall hereafter be so entitled."

On February 23, 1909, Matilda Swanson in her own behalf, and as guardian for the minor children, filed a second supplemental complaint in which she alleged that the insanity and death of Gust Swanson were occasioned solely by the injuries which resulted from the fault, negligence and carelessness of the appellant. The issues were completed, trial was had upon the amended complaint of Gust Swanson, the first and second supplemental complaints, the answers thereto, and the replies, and a verdict was returned in favor of the respondents for $17,230, upon which judgment was entered.

Appellant's first contention is that the trial court erred in denying its motion to quash the summons and dismiss the action. It is admitted that the defendant is a foreign cor-

poration; that it has no resident agent in this state, and that it has never complied with the laws of Washington by appointing an agent upon whom service of process may be made. Respondents contend that appellant was doing business in this state, and the trial court so found when it denied the motion to quash. It was admitted that the ship "Polaris," owned by the appellant, was in this state at Ballard in December, 1907; that it was in charge of Captain Lindholm as master; that appellant, by Lindholm as its agent, had contracted with the Seattle Shipyards Company for extensive repairs upon the vessel; that such repairs were being made; that during the performance of this contract within this state, the accident occurred, and that service of summons was actually made upon Lindholm in King county.

There seems to have been an issue on the hearing to quash, as to whether the "Polaris" was in this state solely by reason of some accident which occurred at sea and which made it necessary to put into port at Ballard for repairs, or whether she in fact came into Puget Sound in charge of Lindholm to contract for, receive and transport a load of lumber from some point near Bellingham.

It appears that the hearing of the motion was on affidavits, two of which, presented on behalf of the appellant, were attached to the motion and made a part thereof. None of the affidavits presented on behalf of the respondents are in the record, either by incorporation in the transcript or by a statement of facts or bill of exceptions. One affidavit presented by appellant shows upon its face that it is in answer to the affidavits of A. W. Trowberg and William E. Froude, made on behalf of respondents and used on the hearing of the motion to quash. Neither of the affidavits made by Trowberg and Froude appears in the transcript, nor have they been made a part of the record by any statement of facts or bill of exceptions. Where an affidavit is clearly identified as a part of a motion to which it is attached, it becomes a part of the record without being incorporated in a statement of

facts or bill of exceptions. *State v. Vance*, 29 Wash. 435, 70 Pac. 34.

But other affidavits not so attached and used upon the hearing of the motion can only be made a part of the record by bill of exceptions or statement of facts. Respondents' affidavits have not been thus made a part of the record. Reference seems to be made to them in the briefs, but we could not consider them even though they were included in the transcript, from which they have been omitted. It is impossible for us to know what proof was made by respondents' affidavits relative to any business transacted by the appellant in this state. As heretofore stated, the trial court evidently found that it was so transacting business, and we cannot conclude that the evidence contained in the affidavits, not a part of the record and which we cannot now consider, did not support such finding. The order denying the motion to quash must, upon the record, be sustained.

Appellant next contends that the trial court erred in denying its motion to strike the first and second supplemental complaints, in overruling its demurrer to the second supplemental complaint, in permitting the substitution of Matilda Swanson and the minor children as plaintiffs, and in allowing the cause to be continued and prosecuted in their names. Respondents insist that they were entitled to be so substituted to continue the action and recover damages, not for the death of Gust Swanson, but such damages as he could have recovered had the cause been tried at any time prior to his death. The case was tried, evidence was admitted, and the jury were instructed upon this theory. Respondents predicate their arguments in support of the procedure adopted, upon § 194, Rem. & Bal. Code, which reads as follows:

"No action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine, by reason of such death, if he have a wife or child living, or leaving no wife or issue, if he have dependent upon him for support and resident within the United States at the

time of his death, parents, sisters or minor brothers; but such action may be prosecuted, or commenced and prosecuted, in favor of such wife or in favor of the wife and children, or if no wife, in favor of such child or children, or if no wife or child or children, then in favor of his parents, sisters or minor brothers who may be dependent upon him for support, and resident in the United States at the time of his death."

It seems to us that this section is not susceptible of construction. If under its provisions the wife and children could not be substituted as parties plaintiff, and continue the prosecution of the action, it would necessarily abate, contrary to the direct prohibition of the section itself. In order that the prosecution of the same action might be continued by the wife and children, it was necessary for them to allege, and afterwards prove, that the identical injuries for which Gust Swanson had sued caused his death. In other words, if his death resulted from any other cause, or did not result from such personal injuries, the action would abate. The respondents, therefore, alleged and introduced evidence to show that his death was occasioned solely by the injuries for which he had sued. They did so, not to sustain any claim for damages resulting from his death, but to show facts which became a necessary condition precedent to their continuance and prosecution of the action.

Appellant calls attention to the fact that § 194, *supra*, was first enacted in 1854; that § 183, Rem. & Bal. Code, giving a right of action to the widow or widow and children for the wrongful death of the husband and father, was originally enacted in the same year, and earnestly contends that these two sections disclose an intention on the part of the legislature to give the wife and children a right of action for the wrongful death of the husband and father; that the words, "No action for personal injury to any person occasioning his death shall abate," contained in § 194, *supra*, mean that no action commenced for wrongful death shall abate, but that it—the action for wrongful death—may be prosecuted or commenced in fa-

vor of the wife or children; and that when enacting § 194 the legislature did not intend to give the wife and children a right of action for the indentical damages the husband and father would have recovered in his action, had he survived until trial and judgment. We regard this as an inconsistent and strained construction, which would result in the complete abrogation of § 194 by rendering it utterly nugatory. Both sections were originally enacted in one and the same statute. Each was intended to serve its separate purpose, and must be so construed as to secure that result. The trial court committed no error in allowing the substitution of parties plaintiff, in permitting the filing of the supplemental complaint, or in the theory upon which it admitted evidence, instructed the jury, and tried the case.

Appellant further contends that the trial judge erred in commenting upon the facts and evidence in the presence of the jury, and in referring during the trial to matters pertaining to the case and its merits in such a manner as to prejudice the appellant. We find no error in this regard. The most serious offense, according to appellant's contention, was a suggestion made to appellant's attorney by the trial judge, without previous objection from the respondents, that a change be made in the form of a hypothetical question so that it would assume that a workman was standing on the plank when it struck Swanson. At the time the suggestion was made, it was in harmony with the uncontradicted evidence then admitted. It would perhaps have been more prudent for the trial judge to have refrained from any criticism upon the form of the question, in the absence of objection by respondents' attorney. Appellant immediately excepted. The jury were then withdrawn at the instance of the court, and in their absence considerable discussion occurred relative to the form of the question and the facts then proven. Upon the return of the jury, the question was modified, and the court promptly informed the jury that they should be influenced only by the evidence, and not by any statement of the court.

Later, in a deposition introduced by appellant, a witness testified that no one was on the plank when it fell. Thereupon the court remarked: "I desire to say to the jury and counsel that had this deposition been read before the court interrupted you on your hypothetical question, the court would not have interrupted you. The question you asked at that time would probably have been permitted under your theory of the case. I understand now, but the court misunderstood your theory of the case."

Upon this record, we cannot hold that the trial judge was guilty of such misconduct as to necessitate a reversal of the judgment and the granting of a new trial. His evident desire was to be impartial. By his prompt and proper instruction to the jury he so fully corrected any mistake he might have made as to remove the possibility of prejudice.

The workmen who without warning caused the rudder to strike the plank were members of the ship crew, in the sole employment of the appellant. Over appellant's objection, one of respondents' witnesses was permitted to testify to a statement made by Captain Lindholm immediately after the accident as follows: "The captain says to the mate, he sung out, 'What are you doing up there? You be killing some one here pretty soon, pretty nigh killed a man now.'" Another witness for respondents, over appellant's objection, testified to the statement made by the captain as follows: "Why he say, what are you doing? You will be killing some one next. You have pretty nearly killed one man now." Appellant contends that these statements, if made, were mere matters of opinion, that they were not proper evidence, and that their admission was erroneous. The statements were made by the captain at the time of the accident, and under the repeated rulings of this court were admissible as a part of the *res gestae*. *Roberts v. Port Blakely Mill Co.*, 30 Wash. 25, 70 Pac. 111; *Lambert v. La Conner Trad. & Transp. Co.*, 30 Wash. 346, 70 Pac. 960; *Dixon v. Northern Pac. R. Co.*, 37 Wash. 310, 79 Pac. 943, 107 Am. St. 810, 68 L. R. A. 895; *Starr v. Aetna Life*

*Ins. Co.*, 41 Wash. 199, 82 Pac. 113, 4 L. R. A. (N. S.) 636; *Walters v. Spokane International R. Co.*, 58 Wash. 293, 108 Pac. 593.

Appellant contends that it was not guilty of negligence, as a warning was in fact given by officers of the ship before the crew moved the rudder. This contention cannot be sustained. The evidence, while conflicting, is clearly sufficient to support a finding that no warning was given, and that the appellant, by reason of such omission, was negligent.

In order that the respondents might continue the prosecution of this action to judgment it was, as above stated, necessary for them to allege and prove that the death of Gust Swanson resulted from the injuries caused by appellant's negligence. The appellant contends that the evidence was not sufficient to sustain that allegation, but that it does show that he died from gangrene of the lungs, which did not, and could not, result from the injuries he had received. The trial judge, in substance, instructed the jury that unless they found, as pleaded in the second supplemental complaint, that his death did result from the accident and injuries pleaded in the original complaint, the respondent could not recover. The verdict returned shows that the jury so found, and the evidence, although in sharp conflict, is sufficient to sustain such finding. No good purpose would be served by repeating the evidence. It is voluminous, much of it being expert testimony of a scientific and technical character given by physicians and surgeons. It appears that Swanson, at all times prior to the accident, was a strong, healthy man, weighing about 170 pounds, and that he was steadily employed at heavy work. Not a suggestion of any previous ailment or physical defect appears in the record. He was struck on the head and shoulders. There is evidence that he suffered a concussion of the brain; that he was injured about his shoulders; that a double hernia soon appeared; that he never worked again; that he went into a steady decline; that he ran down to about 130 pounds in weight; that

he became incurably insane; that he was taken to the state hospital; that he developed gangrene of the lungs, with which he was afflicted at the date of his death, which occurred about thirteen months after the accident. Appellant contends, and offered expert evidence to show, that neither the hernia nor the gangrene of the lungs could have resulted from the original injuries, while respondents introduced expert evidence tending to sustain their position that all ailments with which he was afterwards afflicted and which caused his death were the direct result of the accident. Upon this conflicting evidence the jury found in favor of the respondents, and their finding cannot be disturbed.

What has heretofore been said disposes of all the other assignments of error, except appellant's contention that the verdict is excessive, which must be sustained. It appears that Swanson was a man 42 years of age, in excellent health and condition at all times prior to the accident; that he was earning $100 a month, and that the accident resulted in the injuries heretofore stated. As this cause is not prosecuted by the respondents to recover damages resulting to them by reason of the death of Swanson, but is prosecuted as a continuation of the action commenced by him for the damages which he could have recovered had the cause been tried prior to his death, we cannot consider his death as an element of damage. Under the peculiar circumstances of this case, it is somewhat difficult to measure the damages which he would have been entitled to recover had he lived until the trial. Much latitude must be accorded to a jury in measuring and fixing damages to be awarded in a case of this character, but their verdict should not be permitted to stand for any award in excess of compensation. We conclude from the entire record, that a verdict in excess of $10,000 should not be sustained. It is ordered that if within thirty days after the filing of the remittitur, the respondents shall remit all damages in excess of $10,000, that the judgment for that sum with interest from the date of trial be affirmed; otherwise that

a new trial be granted.   The appellant will recover its costs in this court.

RUDKIN, C. J., PARKER, MOUNT, and DUNBAR, JJ., concur.