## FRESCOLN v. PUGET SOUND TRACTION, LIGHT & POWER CO.

(District Court, W. D. Washington, N. D. August 6, 1915.)

### No. 3033.

1. DEATH ⊙—10, 11—SURVIVAL OF ACTION FOR INJURY.

Rem. & Bal. Code Wash. § 183, declares that, when the death of any person is caused by the wrongful or negligent act of another, his heirs or personal representatives may maintain an action against the person causing death. Section 194 declares that no action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine by reason of death, if he have a wife or child living, or if he have other dependents upon him for support, but that such action may be prosecuted or commenced in favor of such persons. Plaintiff's husband, who was injured while a passenger on defendant's car, instituted an action before his death. *Held*, that upon his death plaintiff might revive such action and might at the same time institute a separate action for damages from death, the two causes being separable.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 10, 15; Dec. Dig. ⊙—10, 11.]

2. JUDGMENT ⊙—828—DEFENSES—FORMER RECOVERY.

The action for wrongful death which may be maintained by a wife or personal representative of deceased under Rem. & Bal. Code Wash. § 183, is based on the same grounds of negligence as an action begun by deceased for the injuries culminating in his death, which was continued under section 194, by the widow; and hence a judgment by the state court of competent jurisdiction denying recovery in the action for personal injuries is a bar to an action in the federal court for wrongful death.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. ⊙—828.]

At Law. Action by Anna F. Frescoln against the Puget Sound Traction, Light & Power Company, a corporation. On motion to strike an affirmative defense. Motion denied.

Thomas H. Bain, of Seattle, Wash., for plaintiff.

James B. Howe and H. S. Elliott, both of Seattle, Wash., for defendant.

NETERER, District Judge. This is an action commenced by Anna. F. Frescoln, widow of J. W. Frescoln, to recover $25,000 for the death of her husband. It is alleged that on the 22d day of November, 1913,

J. W. Frescoln was, through the careless and reckless operation of the street car upon which he was a passenger, killed. The defendant has answered, setting forth certain affirmative defenses, one of which alleges, in substance, that on January 22, 1914, the deceased, J. W. Frescoln, had commenced an action in the superior court of King county against this defendant, for injuries received at the time and upon the facts and under the conditions set forth in the complaint of the plaintiff; that the issues in the said cause were made up and the cause set for trial on October 13, 1914; that on the 15th of September, 1914, the said J. W. Frescoln died; that thereafter, upon application, plaintiff was substituted in her own right and as administratrix; that she filed a supplementary complaint, to which the defendant answered, and on March 16, 1915, the cause came on for trial before a jury in the state court; that a verdict for plaintiff in the sum of $2,550 was returned; but that, upon motion, the court entered judgment for the defendant non obstante veredicto. The defendant prays that the plaintiff may not maintain this action until such time as such cause has been determined by the Supreme Court, where it is now pending on appeal. The various pleadings and orders in said action are attached to the answer as Exhibits A, B, C, D, E, and F. The plaintiff has moved that these exhibits be stricken and that each paragraph of the said defense and plea in bar be stricken for the reason:

"That all of said matter is irrelevant and has nothing to do with the action brought under the above title, and for the further reason that the action referred to in said matter was brought and maintained under a different provision of the law and statute of the state of Washington."

[1] An examination of the supplemental complaint filed in the state court proceeding shows that it was not a suit to recover for injuries suffered by her on account of her husband's death, but was a continuation of the action commenced by the husband for injuries to him, in which she was substituted as plaintiff in his stead for the benefit of herself and the estate, and sought to recover damages for the pain and suffering endured by the deceased up to the time of his death, medical expenses, etc., which proceeding was carried on under provisions of section 194, Rem. & Bal. Code of Wash., which provides:

"No action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine, by reason of such death, if he have a wife or child living, or leaving no wife or issue, if he have dependent upon him for support and resident within the United States at the time of his death, parents, sisters or minor brothers; but such action may be prosecuted, or commenced and prosecuted, in favor of such wife or in favor of the wife and children. * * *".

The plaintiff in this case seeks to recover damages because of injuries sustained by her personally, such as loss of affection and companionship, and loss of support which would be occasioned by reason of her husband's death, and this action is based upon section 183, Rem. & Bal. Code Wash., which provides:

"* * * When the death of a person is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death. * * *"

This proceeding and the proceeding referred to were unknown to the common law and can only be maintained by reason of the provisions of the statutes of Washington. On the death of a husband who had commenced an action to recover damages for injuries to himself, the cause may be continued by the widow and minor children upon being properly substituted as plaintiffs (Swanson v. Pacific Coast Shipping Co., 60 Wash. 87, 110 Pac. 795), and the substitution of the widow in such action does not preclude her from instituting an action on her own behalf to recover damages which are peculiar to herself (Swanson v. Pacific Coast Shipping Co., supra; Thompson v. Seattle Ry. Co., 71 Wash. 436, 128 Pac. 1070).

[2] The right of recovery in either case is predicated upon some act of omission or commission on the part of the defendant in the discharge of an imposed duty. As set forth in the answer, the judgment of the state court was that the act of the defendant did not cause the death upon which either action was predicated. If the adjudication of the state court could be res adjudicata in this action, then the motion must be denied. Can the plaintiff commence an action wherein she seeks to recover damages to herself based upon acts of negligence of the defendant which a competent court has already adjudicated do not exist? While the right of recovery in the instant case is not the same right of recovery as in the other case, each case is predicated upon and supported by the same facts. It would seem to be rather an anomalous situation if a party could predicate a right of recovery and have judgment awarded against him, and die, and his widow thereafter, upon allegations of negligence, institute a proceeding based upon the same act of negligence, and be permitted to litigate over the same facts. Suppose that the first case had been tried prior to the decease of J. W. Frescoln, and a verdict returned in favor of the plaintiff, and judgment entered non obstante veredicto for the defendant, and he had then died, could the plaintiff be permitted to prosecute this action now in the face of the former judgment? The plaintiff in this case does not occupy a different relation than if the other case had been adjudicated prior to J. W. Frescoln's death. The Supreme Court of Virginia, in Brammer's Adm'r v. Norfolk & W. Ry. Co., in passing upon the same issue that is here presented, and upon the same statutory authority, in 57 S. E. at page 595, said:

"It would be an anomalous situation if the language used in our statute could be so construed that after a court of competent jurisdiction has ascertained, in a suit brought by a party himself, that the wrongful acts which constitute the sole foundation of any recovery against the defendant are not of actionable character, and that the injured person is not entitled to maintain an action by reason of them, or to recover damages on their account, other parties, in another and subsequent proceeding, may proceed to show, in an action for their benefit, founded upon the same alleged acts of the defendant, that at the time of the intestate's death he was as a matter of fact, the judgment of the court to the contrary notwithstanding, entitled to maintain an action against the defendant company and to recover damages for the very acts in respect of which recovery was denied the very man who suffered the injuries which resulted in his death."

The Supreme Court of the United States, in Southern Pacific Ry. Co. v. U. S., 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355, holds to the

principle that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery cannot be disputed in a subsequent suit between the same parties or their privies. In that case the court held that a former decision of the court establishing the sufficiency of certain maps as to lands there in dispute was res adjudicata as to the sufficiency of such maps when the question was raised in the latter case, with reference to other lands in dispute, since the land in both suits had a common source of title, and the title depended upon the existence or nonexistence of the same state of facts.

Plaintiff's right of recovery in this case is based upon the assumption that the defendant was negligent. A competent court having adjudicated in favor of the defendant with relation to the negligent acts relied upon, the foundation of the plaintiff's right of recovery is removed, and, until that judgment is reversed, the plaintiff's complaint can have no standing in this court.

The motion to strike is therefore denied.