EULOGIO DIMAS RIERA BENGOECHEA ET AL., Plaintiffs and Appellees, v. BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO ET AL., Defendants and Appellants.

No. 5038.   Argued January 27, 1930.—Decided February 24, 1930.

J. *Guzmán Benítez*, *Jaime Sifre Jr.* and *Cayetano Coll y Cuchí*, for appellants. *A. Ayuso* and *Daniel Pellón*, for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

A judgment having been rendered in favor of the plaintiffs in this case, the defendants moved for a new trial; and, upon a denial of that motion, they took the present appeal.

After the transcript of the record and the brief of the appellants were filed in this Supreme Court, the appellees filed three motions to dismiss the appeal. The first motion is based on the ground that the brief fails to comply with Rules 42 and 43 of this court; the ground of the second motion is that the bill of exceptions included in the transcript of the record does not fulfill all the requirements of the law and the practice; and the ground for the third is that certain affidavits included in the transcript are not duly authenticated.

The appellants, in their turn, filed a motion to correct the transcript by including therein a certified copy of the judgment-roll and a certificate of authentication subscribed by the trial judge.

All the motions were heard on the same day, and the parties thereafter filed extensive briefs in support of their respective contentions.

We will, therefore, consider all the questions involved in a single opinion herein. We will take up first the motion for the correction of the transcript.

The appellees object to the correction and invoke, first of all, a certain stipulation made between the parties. The three motions to dismiss were filed during the early part of January last, and after they had been set down for hearing, the parties stipulated for a postponement of the latter, meanwhile "preserving the present legal status or condition of the proceedings." The appellants' motion for correction was filed on January 27. The appellees contend that, by reason of that stipulation, the transcript of the record can not be amended but must remain in the condition in which it was on the 7th of January last.

We disagree. The correction of the record is governed by Rules 55 and 56 of this court. Granting full force to the stipulation, that agreement can not be construed in the sense of divesting the appellants of their right to apply for a correction of the record, which right subsisted notwithstanding the setting down for hearing of the motions to dismiss. On the contrary, the stipulation reaffirms that right.

Considering the motion for correction on its own merits, we think that it should be granted. The transcript, although incomplete, was timely filed. The motion for correction, although somewhat delayed, was also filed in time. The failure to include the judgment-roll is explained by the fact of the filing of a separate appeal from the judgment itself. Perhaps it might have been better if both appeals had been prosecuted jointly. As to the authentication certificate from the trial judge, we think that it serves the purpose of completing the transcript certified by the clerk.

The second and third motions to dismiss can be considered together. Both refer to the question as to whether or not the transcript, which we must consider now in its corrected form, was prepared in accordance with the law and contains all that is required for deciding the appeal.

The appeal is one taken from an order denying a motion for a new trial.

The appellees maintain that a motion for a new trial involves in itself a trial; and that, if the motion is denied, the defeated party must, in case an appeal is taken, prepare a bill of exceptions or a statement of the case in accordance with the provisions of section 216 of the Code of Civil Procedure, construed in connection with section 217 of the same code.

In support of this contention, the appellees argue that the provisions of the Code of Civil Procedure of California on this point, "as the same were worded at the time of the adoption of the said code in Porto Rico", were identical with those now in force in this Island; and that the Supreme Court of the said State, in construing such provisions, had ordered the dismissal of an appeal "for failure to include in an additional or supplemental bill of exceptions the affidavits introduced in evidence." Accordingly, the appellees cite the case of *Somers* v. *Somers,* 81 Cal. 608, 613, and quote therefrom, in part, as follows:

"If the matter were one which could be controlled by rules of court, and was not governed by positive law, we should be in favor of adopting a rule that hereafter all cases must be presented by bill of exceptions, but that cases now pending should not be affected thereby. But as we do not believe that this court has any authority to regulate the mode of presenting papers on appeal where one is provided for by statute, we feel constrained to dismiss the appeal on the ground that the papers could only be presented to this court by bill of exceptions. But if we are wrong in this, the certificate in this case is entirely insufficient. There is nothing in it to show that the papers set out in the transcript are true copies of the ones used at the hearing. The certificate simply recites that the affidavits of certain persons were used and considered, but it is not certified that the affidavits set out are the same that were used, or true copies of them. For ought we can tell, these same parties may have made other and different affidavits, or the copies furnished us may not be correct copies, and other evidence may have been used and considered at the hearing. In other words, the affidavits set out in

the transcript are not authenticated as true copies of the ones used at the hearing, nor is it shown in any way that the ones set out were all that were used."

Let us examine the statutory provisions. Our Code of Civil Procedure contains a whole chapter on new trials. It begins with section 220 and ends with section 226. It defines what a new trial is, how it can. be granted, and how it must be applied for. It explains the procedure to be followed when the motion is made on affidavits, or on a bill of exceptions, or on a statement of the case, or on the minutes of the court. It then refers to the hearing, and by section 225 provides as follows:

"Sec. 225. The judgment-roll, and the affidavits, or the records and files in the action, or bill of exceptions, or statement, as the case may be, used on the hearing, with a copy of the order made, shall constitute the record to be used on appeal from the order granting or refusing a new trial, unless the motion be made on the minutes of the court, and in that case the judgment-roll and a statement to be subsequently prepared, with a copy of the order, shall constitute the record on appeal. Such subsequent statement shall be proposed by the party appealing, or intending to appeal, within ten days after the entry of the order, or such further time as the court in which the action is pending, or a judge thereof, may allow, and the same, or a copy thereof, be served upon the adverse party, who shall have ten days thereafter to prepare amendments thereto, and serve the same, or a copy thereof, upon the party appealing, or intending to appeal; and thereafter such proceedings shall be had, and within like periods, for the settlement of the statement, as provided by section 223, but the statement shall only contain the grounds argued before the court for a new trial, and so much of the evidence or other matter as may be necessary to explain them; and it shall be the duty of the judge to exclude all other evidence or matter from the statement."

Let us consider now the facts.

On September 9, 1929, there was filed in the office of the secretary of this court a "transcript of the record", consisting of 319 pages, at the end of which the following certificate appears:

"CERTIFICATE OF AUTHENTICATION.—I, Luis Vergne Ortiz, Clerk of the District Court for the Judicial District of San Juan, P. R., DO HEREBY CERTIFY:

"That the foregoing is a true and faithful copy of all the documents referred to in section 301 of the Code of Civil Procedure of Porto Rico, for the purposes of the appeal taken from an order of the District Court for the Judicial District of San Juan, denying the motion of the defendants for a new trial; which documents are all of those required for such appeal.

"San Juan, P. R., September 9, 1929.—(Signed) Luis Vergne Ortiz, Clerk, Dist. Court.—By (Signed) P. del Manzano, Assistant Clerk."

What were the documents included in the transcript? The notice of appeal, dated July 3, 1929; the order denying the motion for a new trial dated June 29, 1929; two notices of intention to move for a new trial, filed by the defendants on July 9, 1928; the motions of the defendants for a new trial, filed on August 25, 1928, together with several affidavits, which take up pages 96 to 173 inclusive. Following these there appear the papers filed in opposition to the motion for a new trial, which fill pages 174 to 223 inclusive, and next several affidavits, up to page 274 inclusive, filed on December 10, 1928. Page 275 and the following pages are taken up by a counter-affidavit of attorney Cayetano Coll y Cuchí in behalf of the Banco Territorial y Agrícola, dated April 8, 1929, and by several documents, the transcript of which extends to page 294. After this, there are shown several motions for an extension of time to file the motion for a new trial and an annual report of Central Boca Chica, filed on April 29, 1929, filling the space up to page 319. Then appears the certificate which we have transcribed above.

From a consideration of section 225 of the Code of Civil Procedure, it is to be noted that it only mentions a statement of the case as a new document when "the motion be made on the minutes of the court." In all other cases, the appeal record is made up of such documents as, being already a

part of the record, may be sent up to the appellate court authenticated by the certificate of the Clerk or of the parties.

We fully agree with the following paragraph of the brief of the appellants, filed in connection with the matters now under consideration:

"It can not be maintained, in view of our statute, that affidavits in a case like the present one must be included in a bill of exceptions in order to be authenticated for the purposes of an appeal, which bill of exceptions should be prepared subsequent to the order denying the motion. The law clearly includes the affidavits 'used in the hearing' as independent documents and, in addition, 'the records and files in the action'."

This interpretation of the law is supported by the authorities.

The general rule is set out in Corpus Juris as follows:

"As a general rule affidavits are not part of the record proper because they are in the nature of evidence, and cannot be considered, even though copied into the transcript or attached to the brief or a petition in error, or even though appearing in connection with the motion, or filed with the papers in the case; they must be presented as part of the appeal record in the manner required by the practice in the particular jurisdiction, which is usually by bill of exceptions, statement, settled case, order of court, or, if the proceeding is in equity, by certificate of evidence; and the record must also show that the affidavits were presented to and considered by the court." 4 C. J. 143, 144, 145.

But there are exceptions, which are also set forth in Corpus Juris, thus:

"While the general rule, as has just been stated, is one of the fundamental doctrines of appellate procedure, and, as appears from the host of citations, has been laid down in cases almost innumerable, yet there are certain well founded exceptions. Thus, where by statute or by order of court founded on statute an affidavit, in certain cases, is made a part of the record proper, it need not be brought up by bill of exceptions." 4 C. J. 148.

And the following appears in the footnotes to the text last above quoted:

"Swanson v. Shipping Co., 60 Wash. 87, 110 P. 795. Under L. (1885–1886) p. 70, affidavits filed in support of a motion for a new trial are part of the record proper without a bill of exceptions." 4 C. J. 148, n. 60.

"Where affidavits are attached to a motion, such as a motion for new trial, which is itself a part of the record proper, they are included therein as an inherent part of the motion. Republican Valley R. Co. v. Boyse 14 Nebr. 130, 15 N. W. 364; Aultman v. Howe, 10 Nebr. 8, 4 N. W 357. Where an affidavit is clearly identified as a part of a motion to which it is attached, it becomes a part of the record without being incorporated in a statement of facts or bill of exceptions, while other affidavits not so attached must be so incorporated in order to become a part of the record. Swanson v. Pacific Shipping Co., 60 Wash. 87, 110 P. 795." 4 C. J. 148, n. 60(a).

The appellees have earnestly invoked the jurisprudence of California; but there is in California a rule of court on this point which does not exist in Porto Rico, and the very text of the statute is noticeably different. Our statute contains the expression "records and files", which does not appear in the California statute. Moreover, if the California cases cited by the appellees are carefully examined, it will be found that they can be distinguished from the case at bar.

In a supplemental brief filed by the appellees it is conceded that the Porto Rican statute is not exactly the same as that of California. It is said to be identical with that of Idaho. So indeed it is, and the very decisions from that State which the appellees cite favor our construction, especially if account is taken of the fact that the transcript herein has been corrected by the addition of a new certificate of authentication, issued by the trial judge and to which we shall refer later in this opinion. The cases cited are as follows:

"The certificate of the clerk of the district court that certain affidavits were used on the application for a new trial, and that they were all the affidavits used, is not sufficient to authorize this court to consider such affidavits. Such certificate must be made by the trial judge, or in an authenticated record certified by the judge

showing what papers were used on such application for new trial.'' Crowley v. Croesus Gold & Copper Mining Co., 12 Idaho 530, 86 Pac. 536.

"An appeal from an order denying appellant's motion for a new trial would be dismissed, where the record did not contain a certificate showing what papers were submitted to the judge and used by him on hearing on the motion." Bell v. Standler et ux., 31 Idaho 568, 174 Pac. 129, 130.

What really leads us to the conclusion that, where affidavits are attached to a motion for a new trial, they become a part of the motion and, together with it, they constitute a record ready to be certified in case of appeal without the necessity of including them in a statement of the case, is the very wording of our statute.

Let us now recur to the state of facts in the present case. We might entertain some doubt if we only considered the certificate of the clerk appended to the transcript, in the form it was originally filed in this court on September 9, 1929; but the said transcript has been since supplemented and corrected.

The first correction was applied for in the same month of September, 1929, in order to add to the transcript the bill of exceptions, which had served as a basis for the motions for a new trial, and the application was granted.

A second correction is now sought, for the purpose of incorporating in the transcript the duly certified judgment-roll and another Certificate of Authentication, which begins thus:

"CERTIFICATE OF AUTHENTICATION.—I, Domingo Sepúlveda, DO HEREBY CERTIFY:

"That I am one of the judges of the District Court for the Judicial District of San Juan and in that capacity acted as the judge who heard, in the case herein, a motion for a new trial, filed by the defendants Banco Territorial y Agrícola de Puerto Rico et al.; and that, in order to decide the said motion for a new trial, I considered, read, and had before me the following documents, all of which form part of the record filed in the office of the clerk of the District Court for the Judicial District of San Juan in the said case":

and it then specifies, one by one, the documents in such a way that, by comparing the certificate with the first transcript, filed on September 9, 1929, and certified to by the clerk, the conclusion is reached that the transcript contains each and every one of the documents mentioned in the said certificate, which concludes as follows:

"And I further CERTIFY: That these were the documents considered by me and filed in the office of the Clerk of the Court and in open court, and that no documents, except those above mentioned, exist or have been considered by me in deciding said motion.

"And at the request of the defendants, I issue the within certificate at San Juan, P. R., this 25th day of January, 1930, A. D. (Signed) Domingo Sepúlveda, District Judge.

"I, Luis Vergne Ortiz, Clerk of the District Court for the Judicial District of San Juan, P. R.:

"Do HEREBY CERTIFY: That the signature attached to the foregoing certificate is the genuine signature of the Hon. Domingo Sepúlveda, Judge of the District Court for the Judicial District of San Juan, P. R. — Jan. 25, 1930. — (Signed) Luis Vergne Ortiz, Clerk, District Court."

The practice followed in the present case is not, indeed, to be commended. Appellants should endeavor from the beginning to prepare the transcript with the utmost care, so as to avoid difficulties and save the time of the parties and of the court itself; but we do not think that, after the attendant circumstances in this case are viewed in the light of the law and the jurisprudence, it can be concluded that there is no authentic and sufficient basis for the court to determine this appeal on its merits. If, after a careful consideration of the case on its merits, it appears that something essential is lacking or has not been properly authenticated, there will be then time enough to dismiss the appeal on that ground.

There remains to be considered the objection relating to the brief.

We think that, although at first view the brief seems extensive and complete, it really does not comply with the rules of this court. However, following the practice which

we have adopted in similar cases, we will grant five days to amend it, so that the errors will be first separately specified and then argued likewise after repeating each assignment at the beginning of the corresponding argument. Rule 42 of this court requires separate, distinct, and numbered assignments of error, and Rule 43, reasonably interpreted, demands that each error be argued separately, and the best practice is to begin the argument with the same number given to the assignment and to repeat as a heading the generally short lines of the assignment. This does not mean that in all cases it is necessary to argue the errors assigned one by one. In certain cases, for the sake of clearness and conciseness, several assignments may and should be argued together, but when that is done it should be so stated at the beginning of the argument. *Amy* v. *Heirs of Verges,* 35 P.R.R. 35.

For the foregoing reasons, the motion for correction of the record must be granted and the motions to dismiss denied; and the appellants are granted until March 1, 1930, to file a new brief in accordance with the rules of this court.

Mr. Justice Texidor took no part in the decision of this case.