EULOGIO DIMAS RIERA BENGOECHEA y JOSEFINA DOLORES RIERA Y BENGOECHEA, ambas por sí, y los menores ALFONSO RAFAEL, ANTONIO, LUCÍA MERCEDES y RAFAEL ANGEL RIERA Y BENGOECHEA, representados por su legítima madre con patria potestad DOÑA JOSEFA BENGOECHEA Y MACÍAS, demandantes y apelados, *v.* EL BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO y DON OLEGARIO RIERA CIFUENTES, demandados y apelantes.

No. 5038.—*Sometido:* Enero 27, 1930. *Resuelto:* Febrero 24, 1930.

*J. Guzmán Benítez, Jaime Sifre Jr. y Cayetano Coll y Cuchí,* abo-

gados de los apelantes; *A. Ayuso* y *Daniel Pellón,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Dictada sentencia en este caso declarando la demanda con lugar, se pidió por el demandado un nuevo juicio. Su petición fué negada y contra la negativa interpuso el presente recurso de apelación.

Radicada en esta Corte Suprema la transcripción y archivado el alegato de la parte apelante, la parte apelada presentó tres mociones solicitando la desestimación del recurso. La primera se basa en que el alegato no cumple con las reglas 42 y 43 del Reglamento de este tribunal; la segunda en que el pliego de excepciones que la transcripción contiene no abarca todo lo que la ley y la jurisprudencia exigen, y la tercera en que ciertas declaraciones juradas que en la transcripción se incluyen no están debidamente autenticadas.

A su vez la parte apelante presentó una moción para corregir la transcripción agregando a ella una copia certificada del legajo de la sentencia y un certificado de autenticidad firmado por el juez sentenciador.

Todas las mociones se oyeron en un solo día, presentando luego las partes amplios alegatos en apoyo de sus respectivas posiciones y en impugnación de las contrarias.

Estudiaremos, pues, toda las cuestiones envueltas en una sola opinión. Comenzaremos por la moción de corrección de autos.

■■ Los apelados se oponen a la corrección invocando en primer término cierta estipulación de las partes. Las tres mociones de desestimación se presentaron en los primeros días de enero último. Señaladas para verse, ambas partes el 7 de enero estipularon la suspensión de la vista "conservando su status o situación jurídica actuales en los procedimientos." La moción del apelante sobre corrección se archivó el 27 de enero. Y los apelados sostienen que a

virtud de la estipulación los autos no pueden ser corregidos, debiendo permanecer en el estado en que se encontraban el 7 de enero último.

No estamos conformes. La corrección de los autos está regulada por el Reglamento de este tribunal, secciones 55 y 56. Reconociendo a la estipulación su mayor fuerza, no puede interpretarse en el sentido de que por ella se despojó el apelante de su derecho a pedir la corrección de los autos, derecho que subsistía no obstante el señalamiento de la vista de las mociones de desestimación. Al contrario, la estipulación reafirma ese derecho.

Juzgando la moción de corrección por sus propios méritos, creemos que debe ser declarada con lugar. La transcripción aunque incompleta fué archivada en tiempo. La petición de corrección, con alguna tardanza, es cierto, pero fué también en tiempo presentada. Se explica que no se acompañara el legajo de la sentencia por la interposición de la otra apelación contra la sentencia misma. Quizá hubiera sido mejor tramitar conjuntamente ambas apelaciones. En cuanto al certificado de autenticidad del juez sentenciador, creemos que sirve para completar la transcripción certificada por el secretario.

Las mociones de desestimación segunda y tercera pueden estudiarse conjuntamente. Ambas se refieren a si la transcripción—que debemos considerar ahora tal como ha quedado corregida—fué preparada de acuerdo con la ley y contiene todo lo necesario para resolver el recurso.

Se trata de una apelación establecida contra una resolución negando un nuevo juicio.

Los apelados sostienen que una petición de nuevo juicio constituye un juicio en sí misma y que al ser negada debe la parte que pierde y que desea apelar preparar un pliego de excepciones o exposición del caso de acuerdo con el artículo 216 del Código de Enjuiciamiento Civil interpretado en relación con el 217 del propio código.

Razonando su contención los apelados expresan que los preceptos del Código de Enjuiciamiento Civil de California

sobre la materia "tales como estaban redactados en el mo-
mento en que dicho código se introdujo en Puerto Rico" eran
exactamente iguales a los que ahora están en vigor en esta
Isla, y que la Corte Suprema de dicho estado interpretándo-
los desestimó una apelación "por no haberse incluido en un
pliego de excepciones adicional o complementario las decla-
raciones juradas presentadas en evidencia." Cita al efecto
la decisión en el caso de *Somers* v. *Somers,* 81 Cal. 608 en
la parte que dice:

"Si el asunto fuese uno que pudiera regirse por las reglas de
la corte y que no estuviere gobernado por el derecho positivo, favo-
receríamos la adopción de una regla de que en lo sucesivo todos los
casos deberán presentarse mediante pliego de excepciones, pero que
los casos que ahora están pendientes no serán afectados por la misma.
Pero como no creemos que este tribunal tenga facultad alguna para
regular la forma de presentar documentos en apelación cuando ya
existe una forma provista por el estatuto, nos sentimos obligados a
desestimar la apelación por el fundamento de que sólo podían pre-
sentarse los documentos a este tribunal mediante pliego de excepcio-
nes. Pero aun si estuviésemos equivocados en esto, la certificación
en este caso es de todo punto insuficiente. Nada hay en ella para
demostrar que los documentos copiados en la transcripción son co-
pias fieles de los que se usaron durante la vista. La certificación
simplemente dice que las declaraciones juradas de ciertas personas
fueron utilizadas y tomadas en consideración, pero no se certifica
que las declaraciones juradas que se han copiado son las mismas
que se utilizaron o copias fieles de ellas. Puede que estas mismas
personas hayan prestado otras declaraciones distintas, o que las co-
pias suministrádasnos no sean fieles, y puede que se haya utilizado
y considerado otra prueba durante la vista. En otras palabras, las
declaraciones juradas que aparecen en la transcripción no han sido
autenticadas como copias fieles de las usadas durante la vista, ni se
ha demostrado en forma alguna que las declaraciones juradas que
se han copiado fueron todas las que se utilizaron."

Veamos lo que dispone la ley. Nuestro Código de Enjui-
ciamiento Civil contiene todo un capítulo destinado a los
nuevos juicios. Comienza en el artículo 220 y termina en
el 226. Expresa en qué consiste, cuándo puede concederse
y cómo debe solicitarse. Explica el procedimiento a seguir

cuando la petición se funda en declaraciones juradas, o en un pliego de excepciones, o en una exposición del caso, o en las minutas de la corte. Se refiere luego a la vista y en su artículo 225 prescribe:

"Artículo 225. El libro de sentencias y las declaraciones escritas y juradas o los autos y legajos del pleito o el pliego de excepciones o la exposición, según el caso que se hubieran utilizado en la vista, con una copia de la resolución dictada, constituirán los autos para la apelación de aquélla, bien concediendo o bien denegando un nuevo juicio, a menos que la moción se hubiere hecho fundándose en las minutas de la corte, en cuyo caso, el libro de sentencias, una exposición que se hará al efecto y la copia de la resolución impugnada, constituirán los autos para la apelación. La dicha exposición será propuesta por la parte que hubiere interpuesto o intentare interponer apelación, dentro de los diez días de dictada la resolución o de la prórroga que hubiere concedido la corte ante la cual se siga el pleito o el juez de la misma, y la exposición, o su copia, se entregará a la parte contraria quien tendrá diez días, a contar desde la entrega, para hacer enmiendas a la misma, y entregar éstas o su copia a la parte que hubiere interpuesto o intentare interponer apelación; y desde entonces el procedimiento se ajustará a lo establecido para la aprobación de la exposición en el artículo 223; pero la exposición sólo contendrá los fundamentos aducidos ante la corte para obtener un nuevo juicio, y la parte de las pruebas u otras actuaciones necesarias para comprobarlos, siendo obligación del juez excluir de la exposición todas las demás pruebas y actuaciones."

Examinemos ahora los hechos.

El 9 de septiembre de 1929 se archivó en la Secretaría de esta Corte Suprema una "transcripción de los autos" que contiene 319 hojas y al final de la cual aparece la siguiente certificación:

"CERTIFICACIÓN DE AUTENTICIDAD.—Yo, Luis Vergne Ortiz, Secretario de la Corte de Distrito del Distrito Judicial de San Juan, P. R. CERTIFICO:

"Que lo que antecede es una copia fiel y exacta de todos los documentos mencionados en el artículo 301 del Código de Enjuiciamiento Civil de Puerto Rico, a los efectos de la apelación interpuesta contra la resolución de la Corte de Distrito del Distrito Judicial de

San Juan, denegando la solicitud de nuevo juicio de los demandados; siendo dichos documentos todos los pertinentes a dicha apelación.

"San Juan, P. R., septiembre 9 de 1929.—(fdo) Luis Vergne Ortiz, Sec. Cte. de Distrito.—Por: (fdo) P. del Manzano, Subsecretario."

¿Cuáles documentos se incluyeron en la transcripción? El escrito de apelación fechado el 3 de julio de 1929, la resolución negando el nuevo juicio de 29 de junio de 1929, dos avisos de intención de solicitud de nuevo juicio radicados el 9 de julio de 1928 por los dos demandados, las mociones de nuevo juicio de los demandados archivadas el 25 de agosto de 1928 acompañados de varios *affidavits*. Siguen éstos que ocupan desde la página 96 a la 173 inclusives. Entonces aparecen las oposiciones a las mociones de nuevo juicio que figuran a las páginas 174 a 223 inclusives, seguidas de declaraciones juradas que se extienden hasta la página 274 inclusive, presentadas en diciembre 10, 1928. Las páginas 275 y siguientes las ocupa una contra declaración jurada de Cayetano Coll y Cuchí, abogado del Banco Territorial y Agrícola, fechada el 8 de abril de 1929 y acompañada de varios documentos cuya copia termina en la página 294. Vienen luego varias mociones de prórroga para radicar la solicitud de nuevo juicio y una memoria anual de la Central Boca Chica radicada el 29 de abril, 1929, llegando hasta la página 319. Entonces consta la certificación que dejamos transcrita.

Analizado el artículo 225 del Código de Enjuiciamiento Civil se observa que sólo habla de una exposición del caso como un nuevo documento cuando "la moción se hubiere hecho fundándose en las minutas de la corte." En los demás casos el récord de la apelación se forma de constancias que siendo ya parte del récord pueden elevarse a la corte de apelación autenticadas por el certificado del Secretario o de las partes.

Estamos enteramente conformes con el siguiente párrafo

del alegato de la parte apelante presentado en relación con las cuestiones que estudiamos y resolvemos. Dice:

"No es posible sostener frente a nuestro estatuto que las declaraciones juradas en un caso como el nuestro deban incluirse en un pliego de excepciones para poder ser autenticadas, a los fines de una apelación, pliego que deba prepararse subsiguientemente a la orden negando la moción. La ley terminantemente incluye los affidavits 'used in the hearing' como independientes y, además, 'the records and files in the action.'"

La jurisprudencia apoya la anterior interpretación.

La regla general se expone en Corpus Juris, así:

"Por regla general, las declaraciones juradas (*affidavits*) no forman parte de los autos propiamente dichos, porque participan de la naturaleza de la prueba, y no pueden ser consideradas aunque se copien en la transcripción o se incorporen al alegato o a una petición de error, o aunque aparezcan de la moción o se radiquen con los documentos del caso. Las declaraciones juradas deben presentarse como parte del récord en apelación en la forma que la práctica exige en la jurisdicción de que se trate, que generalmente es mediante pliego de excepciones, exposición del caso, estipulación, orden de la corte, o, si el procedimiento es en equidad, mediante certificación de la prueba, y los autos también deben demostrar que los *affidavits* fueron presentados y considerados por la corte." 4 C. J. 143, 144, 145.

Pero existen excepciones que también se exponen en Corpus Juris así:

"Si bien la regla general, según acabamos de exponer, es una de las doctrinas fundamentales del procedimiento de apelación, y según se desprende de un cúmulo de citas ha sido establecida en un sinnúmero de casos, sin embargo, hay ciertas excepciones bien fundadas. Así, cuando a virtud de un estatuto o de cierta orden de la corte fundada en un estatuto se hace que un *affidavit* en ciertos casos forme parte del récord propiamente dicho, no es necesario que sea elevado mediante pliego de excepciones." 4 C. J. 148.

De las notas que aparecen al pie del texto parece oportuno copiar lo que sigue:

"Swanson v. Shipping Co., 60 Wash. 87, 110 P. 795. De acuerdo con L. (1885–1886) p. 70, los affidavits radicados en apoyo de una

moción de nuevo juicio forman parte del récord propiamente dicho, sin que sea necesario presentar un pliego de excepciones." 4 C. J. 148.

"Cuando se acompañan ciertos affidavits a una moción de nuevo juicio, la que por sí misma forma parte del récord propiamente dicho, tales affidavits son incluídos como parte inherente de la moción. Republican Valley R. Co. v. Boyse, 14 Nebr. 130, 15 HW 364; Aultman v. Howe, 10 Nebr. 8, 4 NW 357. Cuando se identifica claramente un affidavit como parte de la moción a que se ha unido, el mismo forma parte del récord, sin que sea necesario incorporarlo a una exposición del caso o a un pliego de excepciones, mientras que otros affidavits que no hayan sido así incorporados deben serlo a fin de que formen parte del récord. Swanson v. Pacific Shipping Co., 60 Wash. 87, 110 p. 795." 4 C. J. 148.

Se insiste mucho por la parte apelada en la jurisprudencia del estado de California, pero en California existe una regla de la corte sobre el particular que no existe en Puerto Rico y se advierte una diferencia en la propia redacción del estatuto. Nuestra ley contiene las palabras "records and files" que no aparecen en la de California. Además, analizada cuidadosamente la propia jurisprudencia de California que invoca la parte apelada se verá que puede distinguirse de un caso como el presente.

En un alegato adicional presentado por la parte apelada se admite que el estatuto puertorriqueño no es exactamente igual al de California. Se expresa que lo es al de Idaho. Así es en efecto y la propia jurisprudencia de ese estado que se cita por la dicha parte favorece nuestra interpretación, especialmente teniendo en cuenta que la transcripción ha sido corregida adicionándola con el nuevo certificado de autenticidad expedido por el juez sentenciador a que nos referiremos más adelante. La jurisprudencia citada es como sigue:

"La certificación del secretario de la corte de distrito al efecto de que ciertos affidavits fueron utilizados al solicitarse un nuevo juicio, y que esos fueron todos los affidavits usados, no es suficiente para autorizar a esta corte a considerar tales affidavits. Semejante certificación debe ser preparada por el juez sentenciador, o aparecer

en los autos debidamente certificados por el juez en que consten los documentos utilizados en tal solicitud de nuevo juicio." Crowley v. Croesus Gold & Copper Mining Co., 12 Idaho 530, 86 Pac. 536.

"La apelación de una orden declarando sin lugar la moción del apelante solicitando un nuevo juicio debe ser desestimada cuando los autos no contienen una certificación mostrando qué documentos fueron sometidos al juez sentenciador y utilizados por él en la vista de la moción." Bell v. Stadler, 31 Idaho 568, 174 Pac. 129 (130).

Lo que verdaderamente nos lleva a la conclusión de que cuando los *affidavits* se acompañan a la moción de nuevo juicio, forman parte de ella y constituyen con ella un récord listo para ser certificado en caso de apelación sin necesidad de incluirlos en una exposición del caso, es la propia redacción de nuestra ley.

■ Volvamos ahora a las circunstancias de este caso. Podría existir alguna duda si nos atuviéramos sólo a la certificación del secretario que contiene la transcripción tal como fué archivada por primera vez en esta corte el 9 de septiembre de 1929, pero dicha transcripción ha sido ampliada y corregida.

La primera corrección se pidió en el propio mes de septiembre de 1929 para adicionar la transcripción con el pliego de excepciones que sirvió de base a las mociones de nuevo juicio, y fué declarada con lugar.

La segunda corrección se hace ahora y por ella se agregan a la transcripción el legajo de la sentencia debidamente certificado y otro Certificado de Autenticidad que comienza así:

"CERTIFICADO DE AUTENTICIDAD.—Yo, Domingo Sepúlveda, CERTIFICO:

"Que soy uno de los jueces que forman la Corte de Distrito del Distrito Judicial de San Juan y en tal carácter fuí el juez que conocí en este caso de una moción de nuevo juicio presentada por los demandados Banco Territorial y Agrícola de Puerto Rico, et al; y para resolver dicha moción de nuevo juicio consideré, leí y tuve presente los siguientes documentos, todos y cada uno de los cuales forman parte de los autos radicados en la Secretaría de la Corte de Distrito del Distrtio Judicial de San Juan en el caso arriba indicado:";

que especifica luego uno a uno los documentos de tal modo que comparando el certificado con la primera transcripción archivada en 9 de septiembre de 1929 certificada por el Secretario, se concluye que comprende todos y cada uno de los documentos que en ella figuran, y que termina como sigue:

"Y asimismo CERTIFICO:—Que éstos fueron los documentos considerados por mí, radicados en la Secretaría de esta Corte y en corte abierta, sin que existan ni hubiera yo tenido en cuenta ningunos otros documentos para resolver dicha moción excepto los anteriormente relacionados.

"Y a petición de los demandados libro la anterior certificación, en San Juan, P. R., a 25 de enero de 1930. A. D. (fdo) Domingo Sepúlveda, Juez del Distrito.

"Yo, Luis Vergne Ortiz, Secretario de la Corte de Distrito del Distrito Judicial de San Juan, P. R.

"CERTIFICO:—Que la anterior es la firma auténtica del Hon. Domingo Sepúlveda, Juez de la Corte de Distrito del Distrito Judicial de San Juan, P. R.—Jan. 25, 1930.—(fdo) Luis Vergne Ortiz, Secretario, Corte Distrito."

No es en verdad recomendable la práctica seguida en este caso. Deben los apelantes cuidarse desde el principio de preparar con el más cuidadoso esmero las transcripciones en ahorro de dificultades y de tiempo para las partes y para la misma corte, pero no creemos que analizadas todas las circunstancias que en este caso concurren a la luz de la ley y de la jurisprudencia, pueda decidirse que no hay una base auténtica y suficiente para que el tribunal resuelva en sus méritos la apelación establecida. Si a virtud de un estudio más detenido al penetrar en los méritos se encontrare que falta algo esencial o que algo esencial no ha sido debidamente autenticado, tiempo habrá para desestimar la apelación por tal motivo.

Falta sólo considerar el alegato.

Creemos que aunque a primera vista parece amplio y completo no cumple en verdad con las reglas de esta corte. Siguiendo la norma que hemos adoptado en casos semejantes, concederemos un plazo de cinco días para que se reforme

especificando separadamente los errores y discutiéndolos luego volviendo a mencionarlos al comenzar la discusión. La regla 42 de nuestro reglamento requiere un señalamiento separado, distinto, numerado, de errores, y la 43 interpretada racionalmente exige que cada error se discuta luego también separadamente y la mejor práctica es la de comenzar la discusión por el mismo número del error y encabezarla repitiendo las generalmente breves líneas del señalamiento. Esto no quiere decir que en todos los casos haya que discutir uno por uno los errores señalados. En ciertas ocasiones pueden y deben, para mayor claridad y concisión, discutirse varios errores agrupados, pero cuando tal procedimiento se adopta debe expresarse al comienzo de la discusión. *Amy* v. *Sucn. Verges*, 35 D.P.R. 37.

*Por virtud de todo lo expuesto deben declararse con lugar la moción de corrección de autos y sin lugar las de desestimación, concediéndose a la parte apelante hasta el día 1 de marzo de 1930 para archivar su alegato de acuerdo con las reglas de la corte.*

El Juez Asociado Señor Texidor no intervino.